(No. 10995.—Reversed and remanded.)

PETER DONNER *et al.* Appellants, *vs.* THE BOARD OF HIGH-
WAY COMMISSIONERS *et al.* Appellees.

*Opinion filed April 19, 1917.*

1. DRAINAGE—*the statute confers jurisdiction on county courts
to organize drainage districts.* The statute confers jurisdiction on
county courts to organize drainage districts, and where a petition
conforming to the statute is filed and all parties interested are prop-
erly in court the court has jurisdiction to hear and determine all
questions before it, from the filing of the petition up to and in-
cluding the establishing of the district, and having organized the
district it has jurisdiction to hear and determine the question of
benefits and damages.

2. SAME—*proper exercise of jurisdiction to organize levee dis-
trict cannot be questioned in collateral proceeding.* The question
whether the county court, having jurisdiction of the subject matter
and the parties, properly exercised its jurisdiction in organizing a
levee drainage district cannot be raised at the hearing on the as-
sessment roll, as such question should be raised by objections, fol-
lowed by an appeal or writ of error, at the time the order estab-
lishing the district is entered.

3. SAME—*what matters do not go to jurisdiction to entertain
proceeding to organize a levee district.* The questions whether a
copy of the original petition to organize a levee drainage district
was filed, whether the commissioners were properly sworn, whether
certain persons were made parties to the proceeding, whether all
the lands of the district were assessed, etc., do not go to the juris-
diction of the county court to entertain the proceeding, and must
be raised by proper objections before the order organizing the dis-
trict is entered and be urged as error in a direct proceeding to re-
view such order.

4. SAME—*power of county court to approve changes made by
commissioners.* Under section 12 of the Levee act the county court
has power to approve a report of the commissioners recommending
the construction of a large number of additional lateral drains at a
large extra expense, and the question whether the action of the
court was erroneous must be raised in direct proceeding to review
the order organizing the district.

5. JURISDICTION—*mere errors in exercise of jurisdiction cannot
be urged in collateral proceeding.* Mere errors in the exercise of
jurisdiction, no matter how gross, cannot be urged in a collateral
proceeding to impeach the judgment or decree, as it is only such
defects appearing upon the face of the record as show a want of

jurisdiction to enter the judgment that may be taken advantage of in such proceeding.

6. JUDICIAL NOTICE—*court will not take judicial notice of any of its records except the record in proceeding before it.* A court will take judicial notice of its own records and thus dispense with proof identifying them, but it will not take judicial notice of the contents of any of its records except those in the proceeding before it.

7. APPEALS AND ERRORS—*when a motion to strike matters from record will be sustained.* On appeal from an order of the county court dismissing a petition to organize a levee drainage district upon a motion made at the hearing on the assessment roll, matters relating to the proceedings prior to the entry of the order establishing the district, which are not contained in a bill of exceptions but are copied into the record by the clerk at the request of the appellees, will be stricken from the record on motion.

APPEAL from the County Court of Woodford county; the Hon. ARTHUR C. FORT, Judge, presiding.

THOMAS KENNEDY, ERNEST J. HENDERSON, and HALL, MARTIN & HOOSE, (CARL E. PHILLIPS, of counsel,) for appellants.

BOSWORTH & BOSWORTH, and BARNES, MAGOON & BLACK, for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The Panther Creek Drainage District, in Woodford county, was organized under the Levee act by an order of the county court of that county entered February 21, 1916. On April 10, 1916, the commissioners of said district filed in said court the commissioners' roll of assessments of benefits and damages, and gave notice, as provided by section 17a of said act, that on April 24, 1916, at the April probate term of said court, they would appear before said court, at the court house in said county, for the purpose of having a jury empaneled, as provided by section 6 of the Eminent Domain act, for a hearing on all questions of benefits and damages to the lands in said district. At the

hearing on said assessment roll appellees filed objections that their lands were assessed more than they would be benefited by the construction of the work and more than their proportionate shares of the cost thereof, and moved the court to dismiss said petition for want of jurisdiction, for the following reasons: (1) No copy of the original petition to organize said district was filed; (2) the original petition to organize the district, the notices published and the findings of the court in its order of October 25, 1915, are not according to the statute; (3) the starting point of the main ditch as set forth in the petition, the report of the commissioners and notices published is not accurately given and the description thereof is vague, uncertain and wholly insufficient; (4) the boundary lines of the district are not accurately set forth in the petition, in the report of the commissioners, in the notices and in the facts found by the court but are vague and uncertain; (5) the commissioners are proposing to build eight lateral drains, none of which were petitioned for; (6) all the lands in the district are not assessed; (7) the commissioners never took and subscribed the oath of office; (8) tenants of portions of the land in the district have not been made parties to the proceedings or their rights therein set forth; (9) Woodford county is a proper and necessary party but has not been made a party to the proceedings; (10) the laterals not petitioned for are not described as open or covered drains; (11) the starting point of lateral "E" is vague and uncertain; (12) it does not appear that the commissioners viewed each parcel of land, and every part thereof, in making up their assessment of benefits and damages. The court sustained the motion to dismiss the petition on the second, third, fourth, fifth, seventh, ninth, tenth, eleventh and twelfth grounds assigned by appellees and held that the first, sixth and eighth grounds had been waived by appellees, entered an order vacating the order establishing the district and all other orders prior thereto, and dismissed

the proceedings to assess benefits and damages at appel-
lants' costs.

The order of the court recited: "The court takes judi-
cial notice of the fact that no sufficient oath has been taken
by said commissioners in accordance with the provisions
of section 6 of the Levee act; that said oath is jurisdic-
tional; that the nature of the improvement proposed in said
petition is radically different from that reported by the com-
missioners; and that it was an abuse of judicial discretion
not to have modified the report of the commissioners."

There is no evidence in this record that supports the
conclusion, order and judgment of the court in holding void
and vacating all previous orders of the court and in dis-
missing the proceedings then before it. The final order of
the county court decreeing the establishment of Panther
Creek Drainage District was put in evidence by appellants,
and that order was drawn and entered in accordance with
every requirement of section 16 of the Levee act. The pe-
tition for the organization of the district, signed by seventy-
three land owners and filed in the county court September
30, 1915, conforms to every requirement of the statute,
and is not subject to the objection of appellees that it did
not set out clearly the nature and character of the drain
and the work to be done. The allegations of the petition
as to those matters read thus:

"The proposed starting point, route, size and terminus
of the said ditch or drain are as follows: Commencing
at the northwest corner of the northeast quarter of sec-
tion twenty-nine (29), township twenty-seven (27), north,
range three (3), east of the third principal meridian, in
Livingston county, Illinois; thence south along the half sec-
tion line to a point where the east branch of Panther creek
intersects the half section line in said section twenty-nine
(29); thence in a southwesterly direction, following the
present course of the east branch of Panther creek through
sections twenty-nine (29) and thirty (30), in township

twenty-seven (27), north, range three (3), east of the third principal meridian, in Livingston county, Illinois; thence westerly along the present course of said east branch of Panther creek, through sections twenty-five (25), twenty-six (26), twenty-seven (27), thirty-four (34), thirty-three (33) and thirty-two (32), in township twenty-seven (27), north, range two (2), east of the third principal meridian, in Livingston county, Illinois, to a point where the said east branch of Panther creek intersects the east line of the right of way of the Illinois Central Railroad Company, there to terminate. All of the route of said proposed ditch or drain is more fully shown and is shown on the plat hereto attached and marked exhibit 'A' and made a part of this petition by reference, and marked on said plat, 'Route of Proposed Ditch,' the proposed ditch or drain to be constructed to follow throughout its entire course, so far as practicable, the present line or channel of the east branch of Panther creek. It is proposed by your petitioners to shorten and straighten said creek wherever it shall be deemed practicable and beneficial to the proposed drainage district. The said drain or ditch is proposed to be an open drain or ditch throughout its entire course, approximately nine (9) feet deep and nine (9) feet wide at the bottom, the banks to have a slope of one (1) to one (1); that is to say, an average width of twenty-seven (27) feet at the top."

Said plat accompanies the petition and shows an accurate tracing of the drain from its beginning to its terminal point. Appellants also introduced in evidence the commissioners' roll of assessments, showing all the facts necessary to entitle them to a hearing on the question of benefits and damages. No further evidence was introduced, and the evidence before the court, with a jury empaneled, would make a *prima facie* case for the commissioners under the provisions of section 17*a* of the Levee act.

The statute confers jurisdiction on county courts to organize drainage districts. The petition in question, when

278 — 13

filed in the county court, together with the statute, gave the court jurisdiction of the subject matter. The court also had jurisdiction of all parties interested in the organization of the district, as shown by the recitals and findings of the court, including appellees, and had jurisdiction of the parties to the proceedings now in question, as shown by the recitals in the record. This is not questioned by appellees anywhere in their briefs. The court therefore had jurisdiction and power to hear and determine all questions before it, from the filing of the petition up to and including the establishing of the drainage district in question, and had jurisdiction and power to proceed to a determination of the question of benefits and damages before the court at the time the motion to dismiss was made by appellees. Whether the court correctly exercised its power and jurisdiction after it had obtained jurisdiction of the subject matter and of the parties could not be considered in this collateral proceeding. All errors in the exercise of jurisdiction, no matter how gross, cannot be urged in a collateral proceeding to impeach a court's judgment or decree. (*Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *Polecat Drainage District,* 213 Ill. 83; *Figge* v. *Rowlen,* 185 id. 234.) It is only such defects appearing upon the face of the record as show a want of jurisdiction in the court to enter the judgment that can be taken advantage of in a collateral proceeding without resorting to an appeal or writ of error. *Frank* v. *Rogers,* 220 Ill. 206; *Aldridge* v. *Matthews,* 257 id. 202; *Stack* v. *People,* 217 id. 220.

Appellees have assigned no cross-errors on this record. We have considered all the arguments and points presented by appellees that have any proper bearing upon the question of jurisdiction on collateral attack. Many of the questions or grounds presented by appellees in support of their collateral attack on the judgment establishing a drainage district are not jurisdictional at all. For instance, failure to file a copy of the original petition, the report of the com-

missioners, whether or not all of the lands in the district are assessed, whether the commissioners were properly sworn, whether or not certain parties were made parties to the proceedings, and whether or not the commissioners made an examination of all of the lands in the district, are matters that do not in any way affect the question of jurisdiction here raised. Besides, there was no proof or showing on this record that such matters or facts existed or appear from the records of the district. This appeal only brings before this court the record of the procéedings before the lower court. A court will take judicial notice of its own records and thus dispense with proof identifying them, but it will not take judicial notice of the contents of any of its records except the ones in the proceeding before it. (*People* v. *Carr,* 265 Ill. 220.) Appellees are relying upon facts recited in various proceedings and records of the court pertaining to the drainage district that were not introduced in evidence and are not any part of the record or proceedings now before us. They are not contained in the bill of exceptions, yet they have been copied by the clerk as parts of the record at the instance of appellees and cannot be considered as any part of the record proper in this case. A motion was made by appellants to strike those matters from the record because not a proper part of it and to tax the unnecessary costs of including them in the record to appellees. That motion was taken with the case, and for the reasons assigned appellants' motion is sustained.

Much complaint is made in appellees' brief because the commissioners made a report recommending eight lateral ditches, in addition to the main ditch, as proper and necessary for the drainage of the district, at an extra cost of about $61,000, and the court's approval of the report in its final order establishing the district. If such action of the commissioners and of the court was irregular, erroneous and unnecessarily burdensome to appellees and to the district generally, appellees had the opportunity to have the

same reviewed on appeal or writ of error, as by their own showing they appeared before the court and urged the same objections that they are seeking to raise here, and that they, or some of them, made the same motion, based upon the same grounds, to dismiss the proceedings for want of jurisdiction when the report of the commissioners was before the court for final approval. The lower court was authorized to approve such report on a proper showing, under section 12 of the Levee act. If it erred in making such order appellees should have then preserved their rights by proper objections and by prosecuting an appeal or writ of error at that time, when the order establishing the district was entered. (*Drummer Creek Drainage District* v. *Roth,* 244 Ill. 68.) The lower court had no right or power in this proceeding to review such order and declare void all previous orders that had been entered.

The judgment of the county court is therefore reversed and the cause is remanded.    *Reversed and remanded.*