(No. 11572.—Judgment affirmed.)

# W. S. BURROUGHS *et al.* Plaintiffs in Error, *vs.* PETER DONNER *et al.* Defendants in Error.

*Opinion filed December 19, 1917—Rehearing denied Feb. 6, 1918.*

1. DRAINAGE—*except as to errors affecting jurisdiction, questions presented in the Supreme Court must have been raised in the court below.* The rule that, aside from alleged errors which affect the jurisdiction of the court, questions presented to the Supreme Court upon appeal or writ of error must have been first raised in the court below applies to proceedings for the organization of a drainage district.

2. SAME—*record must contain bill of exceptions to preserve for review an objection that commissioners' plan is not feasible.* The county court is not bound by the report of the drainage commissioners, and where objectors in the Supreme Court desire to raise the question whether the drainage plan in the commissioners' report is feasible or is burdensome to the land owners they should produce evidence to that effect in the county court and preserve such evidence by a bill of exceptions.

3. SAME—*what description of ditches in commissioners' report is not vague.* The fact that the drainage commissioners' report describes the starting points, routes and termini of ditches by reference to certain "quarter section," "half section" and "sixteenth section" lines will not render the description vague, uncertain and defective, where the lines designated are so connected by reference to fixed locations that there can be no doubt as to the line referred to, and where the report is accompanied by a plat of the district showing clearly the starting point, route and terminus of each ditch.

4. Other questions in this case are controlled by the decision in *Donner v. Highway Comrs.* 278 Ill. 189.

WRIT OF ERROR to the County Court of Woodford county; the Hon. ARTHUR C. FORT, Judge, presiding.

JOHN F. BOSWORTH, STERLING, LIVINGSTON & WHITMORE, and BARNES, MAGOON & BLACK, for plaintiffs in error.

THOMAS KENNEDY, ERNEST J. HENDERSON, and HALL, MARTIN & HOOSE, for defendants in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

On September 30, 1915, certain land owners filed a petition in the county court of Woodford county for the organization, under the Levee act, of a drainage district to be known as the Panther Creek Drainage District. The petition described the lands sought to be included in the district, and alleged that in order to reclaim and drain said lands and protect the same from overflow "a combined system of drainage independent of levees is necessary, to which end it is necessary to construct the open drain or ditch hereinafter described." Only one ditch was described in the petition, the course of which, as stated in the petition, followed, as near as practicable, the channel of the east branch of Panther creek. Thereafter the court appointed commissioners to lay out and construct the proposed work. On January 17, 1916, the commissioners filed their report. They reported that the location, plan and extent of the ditches and other work proposed by the petitioners were not sufficient to drain and protect from overflow the lands in the proposed district; that the starting point, route and terminus of the main ditch described in the petition were not wholly proper and feasible, and that in order to reclaim and benefit all the lands in the district it is necessary to construct a main ditch and eight lateral ditches, particularly described in the report. The main ditch described in the report of the commissioners is considerably wider and deeper than the one proposed by the petitioners, and the commissioners estimated the cost thereof at $22,051.90 and the cost of all the work recommended by the commissioners at $83,135.30. Certain land owners filed objections to the confirmation of the commissioners' report on the grounds (1) that the court was without jurisdiction to confirm the report because no copy of the original petition was filed for use by the adverse parties; (2) that the petition, notice published and findings of the court in the order appointing commissioners are insufficient to give the court jurisdiction;

(3) that the starting point, route and terminus of the main ditch as set forth in the petition, report of commissioners, plats filed and notices published are vague and uncertain and insufficient to give the court jurisdiction; (4) that the boundaries of the district as set forth in the petition, report of commissioners, plats filed and notices published are insufficient to give the court jurisdiction; (5) that the starting points, routes and termini of the various lateral ditches as set forth in the report of the commissioners are not set forth in the petition and are wholly insufficient and unauthorized; (6) that the estimate of the cost of construction and the estimate of the cost of maintenance and annual repairs are too low; (7) that the cost of construction would clearly exceed the benefits; and (8) that the objectors' lands would not be benefited by the proposed improvement. After hearing evidence, the court on February 21, 1916, entered an order overruling all objections and confirming the report of the commissioners and declaring the Panther Creek Drainage District to be duly established as provided by law. Thereafter the commissioners filed in the county court their roll of assessments of benefits and damages, and gave notice that they would at a time stated in the notice appear before said court for the purpose of having a jury empaneled for a hearing on all questions of benefits and damages to lands in the district. Certain land owners appeared and filed objections, attacking the organization of the district on various grounds alleged to be jurisdictional. The county court sustained a portion of the objections and entered a judgment vacating the order establishing the district and all other orders prior thereto and dismissed the proceedings to assess benefits and damages. The commissioners of the district prosecuted an appeal to this court, and the judgment of the county court was reversed and the cause was remanded to the county court because, as we held, no jurisdictional defects appeared in the proceedings resulting in the order declaring the drainage district duly organized. (*Don-*

*ner* v. *Highway Comrs.* 278 Ill. 189.) Thereafter this writ
of error was sued out by the appellees in *Donner* v. *High-
way Comrs. supra,* to obtain a reversal of the order organ-
izing the district.

Plaintiffs in error urge as grounds for reversal (1) that
the commissioners had no authority to change the plan and
scope of drainage proposed by the petition to such an ex-
tent as to provide for an entirely different plan of drainage
at a greatly increased cost; (2) that the description of the
main ditch in the petition is defective; (3) that the de-
scriptions of the main ditch and lateral ditches in the report
of the commissioners are vague, uncertain and defective;
(4) that the boundary lines of the district as defined in
the petition are vague and uncertain; and (5) that the
commissioners did not, before entering upon the perform-
ance of their duties, take the oath prescribed by statute.

The parties here are the same as those in *Donner* v.
*Highway Comrs. supra,* and the decision in that case is
conclusive here that there were no jurisdictional defects in
the proceedings which resulted in the order organizing the
Panther Creek Drainage District. Aside from alleged er-
rors which affect the jurisdiction of the court, it is a well
established rule of law that the questions presented to this
court upon appeal or writ of error must have been first
raised in the court below, and this rule applies to proceed-
ings for the organization of a drainage district. *Sny Island
Drainage District* v. *Shaw,* 252 Ill. 142.

The first contention here made, that the commissioners
had no authority to change the plan and scope of drainage
proposed by the petition to such an extent as to provide for
an entirely different plan of drainage at a greatly increased
cost, cannot fairly be said to have been presented to the
trial court by any of the objections filed in the county court
to the confirmation of the commissioners' report; but even
though it had been included in such objections, the record
fails to show any error in the action of the lower court

in approving and confirming the plan of drainage recommended by the commissioners. Section 12 of the Levee act expressly provides that "the commissioners shall not be confined to the point of commencement, route or termini of the drains or ditches or to the number, extent or the size, or the manner of constructing of the same, or the location, plan or extent of any levee, ditch or other work to that proposed by the petitioners, but shall locate, design, lay out, plan the same in such manner as they shall think will drain or protect the petitioners' lands with the least damage and greatest benefit to all lands to be affected thereby; and any plans, ditches, drains or other work proposed by the commissioners may, on the application of any person interested, or the commissioners, be altered or additional drains or other work shall be established by order of the court in such manner as shall appear to the court to be just." The report of the commissioners is merely advisory in its character and the court is not in any way bound by it. (*Fountain Creek Drainage District* v. *Smith*, 265 Ill. 138.) Concerning the particular report here challenged, we said in *Donner* v. *Highway Comrs. supra:* "The lower court was authorized to approve such report on a proper showing, under section 12 of the Levee act. If it erred in making such order appellees should have then preserved their rights by proper objections," etc. Plaintiffs in error had the right to offer evidence to show that the plan of drainage proposed by the commissioners was not feasible or was unnecessarily burdensome to the land owners of the district, or any other matter tending to show that the plan of drainage recommended by the commissioners ought not to be approved, and if they so desired could by bill of exceptions have preserved the evidence and the court's ruling thereon for review by this court. The record here contains no bill of exceptions, and plaintiffs in error have not, therefore, preserved for review the first ground urged for reversal.

The second contention, that the description of the main ditch in the petition is defective, was disposed of in *Donner* v. *Highway Comrs. supra,* it having been held in that case that the petition is not subject to the objection that it did not set out clearly the nature and character of the drain.

The third contention, that the descriptions of the main ditch and lateral ditches in the report of the commissioners are vague, uncertain and defective, is based upon the fact that in several instances the starting point, route or terminus of the ditch is designated by reference to a certain "quarter section line" or "half section line," and in one or two instances to a "sixteenth section line." In most instances the reference to the "quarter section line," "half section line" or "sixteenth section line" was so connected with a reference to some other fixed point concerning the location of which there could be no doubt or controversy as to render certain the particular line referred to, and the report was accompanied by a plat of the district, which was made a part of the report, on which the starting point, route and terminus of each ditch were clearly shown and from which the particular line referred to in the report, if otherwise uncertain, could be definitely ascertained. From the entire report, together with the plat, it is clear that the terms "quarter section line" and "half section line" were used by the commissioners interchangeably, to refer to the inside boundary lines of a quarter section of land according to the governmental survey, and that the term "sixteenth section line" was used to refer to the inside boundary lines of the forty-acre tracts created by dividing a quarter section into four equal parts, each in the form of a square.

The fourth contention, that the boundary lines of the district as defined in the petition are vague and uncertain, in so far as that contention was included in the objections made in the court below, must be regarded as finally settled by the decision in *Donner* v. *Highway Comrs. supra.*

The last contention, that the commissioners did not, before entering upon the performance of their duties, take the oath prescribed by statute, was not included in any of the objections filed in the lower court and for that reason cannot be considered.

The judgment of the county court is affirmed.

*Judgment affirmed.*