(No. 19363.—

THE PEOPLE *ex rel.* Walter C. Winkler, County Collector, Appellee, *vs.* THE CHICAGO AND EASTERN ILLINOIS RAILWAY COMPANY, Appellant.

*Opinion filed October 19, 1929.*

John L. Kagy, and Craig & Craig, (K. L. Richmond, and G. Bruce Hill, of counsel,) for appellant.

Charles F. Dew, State's Attorney, for appellee.

Mr. Commissioner Partlow reported this opinion:

Appellee, the county collector of Marion county, made application to the county court of that county for judgment and order of sale against the property of appellant, the Chicago and Eastern Illinois Railway Company, for delinquent taxes. Appellant filed objections to $1541.10 levied as a county bond issue tax, and to $154.11, levied in three separate items, for light, water, fuel, supplies and repairs for the court house and jail. Upon the hearing appellee made a written motion to strike from the files the objection of appellant to the county bond tax. The motion was allowed, the objection was stricken, the objections to the other taxes were overruled, judgment and order of sale were entered, and an appeal has been prosecuted to this court.

The objection to the county bond tax alleged that the clerk extended a rate of ten cents to produce $14,200 for bonds and interest; that a proposition to levy an additional tax for this purpose was submitted to the electors at the

general election of November 4, 1924; that the total vote for the State's attorney was 13,293, a majority of this vote being 6647; that 5722 votes were cast for the tax and 3975 votes were cast against it; that the proposition did not receive a majority of all votes cast, it failed to carry, and the tax is not authorized in addition to the limitation for general county purposes.

The motion of appellee to strike this objection from the files alleged that appellant in 1925 made an attack upon the election of November 4, 1924, and that election is not now and cannot be a question of litigation raised by the objector for the reason that the same objector filed its objections in the county court in 1925 raising a constitutional question as to the election and made a specific attack upon the election, the ballot and the notices; that the objections were heard by the county court and a judgment entered; that the same cause was thereafter heard in this court and reported in 319 Ill. 366; that the objector in said cause could then have extended its objections to the election and raised the same issue it is now raising; that the objections now filed, and the questions involved therein, are *res judicata,* and by the position assumed in its objections to the tax of 1924 the objector is now estopped from its present position and claim.

In support of the motion to strike, appellee offered in evidence a part of the objections filed by appellant in 1925 to the 1924 tax and a part of the argument made in a brief filed by appellant in this court in that cause. The argument was to the effect that the vote taken on the bond issue was not a vote upon a constitutional question; that the proposition as to the bonds was carried by a majority of the votes at the election; that the bonds were legally issued and fifty cents and fourteen cents of the tax were legal, and that the sixty-four cents deducted from seventy-five cents would leave only eleven cents for the State aid roads.

There are several reasons why the judgment as to the county bond tax will have to be reversed. Section 191 of chapter 120 (Cahill's Stat. 1927, p. 2107,) provides that if a defense, specifying in writing the particular cause of objection, be offered by any person interested in any of the lands or lots to the entry of judgment against the same, the court shall hear and determine the matter in a summary manner without pleadings and shall pronounce judgment as the right of the case may be. Appellant filed objections in writing to this tax as provided in the statute. No complaint is made by appellee as to the form of the objections. They will therefore be presumed to be in proper form until the contrary appears. Appellee was not required to file written pleadings or motions, but he saw fit to file a written motion to strike the objections of appellant from the files. If everything stated in the motion to strike be conceded to be true it would not justify striking the objections. The motion states that in 1925 appellant filed objections to this tax raising a constitutional question as to the tax and attacking the ballot and notices and that a judgment was entered. It is not stated what the judgment was which was entered, in whose favor it was entered, on what grounds it was entered, or that it was on the merits or was a final judgment. It alleged that the judgment was afterwards affirmed by this court; that appellant could have extended the objections and raised the points made in this case; that the questions now raised have been adjudicated; that the former judgment is *res judicata* of them, and that appellant is now estopped from its present position and claim. The motion not only does not give any details or particulars to show what judgment was entered, but it does not even state that the installment of tax involved in the present case was an installment of the same tax objected to in 1925. The burden was on appellee to sustain the motion. *Smith* v. *Rountree,* 185 Ill. 219; *Sawyer* v. *Nelson,* 160 id. 629.

Even if the motion to strike had been sufficient the evidence offered in support of it was not sufficient. Appellee did not offer in evidence the judgment of 1925, which he claimed was *res judicata* of the questions at issue in this case and which he claimed estopped appellant from urging the objections in this case. The only evidence offered by appellee was a part of the objections filed by appellant in 1925, together with a part of the argument filed by appellant in that case in this court. These objections and this argument were not identified by appellee before they were admitted in evidence. They were admitted over the objection of appellant and were not sufficient to sustain appellee's motion to strike. The objections made by appellant in 1925 were sustained by the trial court and the judgment was affirmed by this court, therefore the judgment sought to be set up by appellee as *res judicata* and constituting an estoppel was a judgment in favor of the present appellant and was not in favor of the present appellee.

Appellee seeks to excuse the failure to introduce in evidence the judgment of 1925 by claiming that the opinion of this court in 319 Ill. 366, states all of the facts; that this court will take judicial notice of its records, and that the opinion was sufficient basis for sustaining the motion to strike the objections of appellant. Courts take judicial notice of their own records and thus dispense with proof as to their identity, but courts do not take judicial notice of the contents of their records except in the proceeding then pending before them. (*Donner* v. *Highway Comrs.* 278 Ill. 189; *People* v. *Carr,* 265 id. 220.) If any question was adjudicated in the 1925 case between the same parties which would be available in this case, it could not be shown by the opinion of this court rendered in the 1925 case but it would have to be shown in the trial court by the record of the judgment in which the question was determined. (*People* v. *Keokuk Bridge Co.* 295 Ill. 176.) An estoppel by verdict occurs where some controlling fact

or question material to the determination of both causes is decided in a former suit and is again in issue in a subsequent suit between the same parties, in which case the first adjudication of the question will, if properly presented, be conclusive of the same question in the later suit, irrespective of whether the cause of action is the same in both suits. (*Hoffman* v. *Hoffman,* 330 Ill. 413.) It is absolutely necessary, in order that a former judgment should operate as an estoppel by verdict, that there shall have been a finding of a specific fact in such former judgment or record that is material and controlling in that case and material and controlling in the pending case. It must also conclusively appear that the matter of fact was so in issue that it was necessarily determined by the court rendering the judgment interposed as a bar by reason of such estoppel. (*People* v. *Wyanet Light Co.* 306 Ill. 377.) If there is any uncertainty on this point by reason of the fact that more than one distinct issue of fact is presented to the court the estoppel will not be applied for the reason that the court may have decided it upon one of the other issues of fact. (*Chicago Theological Seminary* v. *People,* 189 Ill. 439; *Kitson* v. *Farwell,* 132 id. 327.) In the opinion on the former appeal (319 Ill. 366,) this court said: "The only question involved in this appeal is whether or not the election on the question of issuing bonds and levying an additional tax for their payment authorized the county board to levy taxes in excess of the constitutional limit of seventy-five cents on the $100." The evidence offered by appellee on his motion to strike was not sufficient to justify striking the objections from the files. Appellant was entitled to a hearing upon its objections to the county bond tax, and the trial court was in error in sustaining the motion to strike.

The second item ($154.11) to which objection was made is as follows: "Light and water, court house and jail, $1200; court house and jail, supplies and repairs, $1500; fuel, court house and jail, $1500." Section 121 of

the Revenue act (Cahill's Stat. 1927, p. 2098,) provides that where county taxes are to be raised for several purposes the amount for every purpose shall be stated separately. In construing this section it has been held that the statute does not require the subdivision of items which are properly embraced within some general description; that there is no objection to levying a gross sum for several purposes where they are properly embraced within some general description, and that it is not necessary or practicable that each particular purpose for which the tax is levied be specifically stated. (*People* v. *Illinois Central Railroad Co.* 271 Ill. 236; *People* v. *Jackson,* 272 id. 494; *People* v. *Chicago and Alton Railroad Co.* 273 id. 452; *People* v. *Chicago, Burlington and Quincy Railroad Co.* 306 id. 529; *People* v. *Irvin,* 325 id. 497.) In *People* v. *Chicago, Burlington and Quincy Railroad Co.* 266 Ill. 196, the item was for repairs, care, support and maintenance of the court house, $4000, and it was held to be sufficient. In *People* v. *Toledo, St. Louis and Western Railroad Co.* 265 Ill. 502, a levy for repair of county property was held sufficient. In *People* v. *Clark,* 296 Ill. 46, the levy was for the cleaning of streets, collection and removal of garbage, ashes and miscellaneous refuse and another item was for the repair of unimproved streets, sidewalks and miscellaneous street work, and it was held that both items came under a general designation and were good. In *People* v. *Jackson, supra,* the levy was for public buildings, light, heat and repairs, $2000, and it was held that the levy was sufficient.

In support of its contention that the levy was not sufficient, appellant cites *People* v. *Toledo, St. Louis and Western Railroad Co.* 231 Ill. 498, *People* v. *Ross,* 272 id. 63, *People* v. *Chicago and Eastern Illinois Railroad Co.* 300 id. 251, and *People* v. *Chicago and Eastern Illinois Railway Co.* 326 id. 354. The levy in each of these cases was en-

tirely different from the levy in the case at bar. In none of them was it specifically stated what the levy was for, and the objections were sustained for that reason. In this case the levies state specifically what they are for. The objections to the three items of county tax for court house and jail were properly overruled.

The judgment will be affirmed as to $154.11 of the tax. It will be reversed as to the $1541.10 levied as a county bond tax, and the cause will be remanded.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.
*Affirmed in part and reversed in part and remanded.*