(No. 20685.—

THE PEOPLE *ex rel.* Fred Bestold, County Collector, Appellee, *vs.* GEORGE B. HOWES *et al.* Appellants.

*Opinion filed June 18, 1931—Rehearing denied October 7, 1931.*

THOMAS C. WATEROUS, and JOSEF T. SKINNER, for appellants.

ROBERT A. BARNES, State's Attorney, and BARNES & MAGOON, (JAY H. MAGOON, of counsel,) for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The treasurer and *ex-officio* collector of Marshall county applied to the county court of that county for judgment against and an order for the sale of parcels of land returned delinquent for non-payment of the taxes and assessments levied in the year 1929 and prior years. George B. Howes and Francis C. Quinn filed objections to the first installment of the assessment levied by the commissioners of Saratoga Drainage District, in Marshall county. The objections were overruled, judgment was rendered for the installment found to be delinquent and the objectors prosecute this appeal.

On October 9, 1920, a petition was filed in the county court of Marshall county for the organization of the Saratoga Drainage District under the act entitled, "An act to provide for the construction, reparation and protection of drains, ditches and levees, across the lands of others, for agricultural, sanitary and mining purposes, and to provide for the organization of drainage districts," approved and in force May 29, 1879, commonly known as the Levee act. (Cahill's Stat. 1929, p. 1030; Smith's Stat. 1929, p. 1111). The notice of the filing of the petition and of the time and place of the hearing thereon, contained among other things, a description of the boundaries of the proposed district, of the starting point, route and terminus of the drain to be constructed and of the other work to be done as well as a statement that it was proposed to drain Saratoga Lake, the location of which was defined, and to provide suit-

able outlets for tile systems then existing or that might be thereafter constructed within the boundaries described. The name of the district which it was proposed to organize was, however, omitted from the copies of the notice filed in the proceeding. At the time fixed for the hearing on the petition, November 8, 1920, the county court, by its order entered that day, found from the evidence that notice of the presentation and filing of the petition had been given by posting, publication and mailing as required by the Levee act and that in the notice so given the name of the proposed district was stated. The court further found that it had jurisdiction of the subject matter and of the owners of the lands included in the district to be organized and that the petition was signed by more than one-third of the land owners representing in excess of a major portion of the area of the lands affected. Commissioners were appointed and the cause was continued first to December 27, 1920, and thereafter from time to time until May 23, 1921, when the report was filed and the hearing thereon fixed for June 13, 1921. On that day the hearing was continued to June 27, 1921, when the county court entered an order finding that due notice of the hearing had been given and that the court had jurisdiction of the subject matter and of the persons of the land owners; the report of the commissioners as modified was approved and confirmed and the Saratoga Drainage District, the boundaries of which were described, was declared duly established.

Subsequently, on December 2, 1929, the commissioners' roll of the assessment of benefits and damages was filed. This roll showed the assessment of benefits against the lands of the appellants and the allowance to each of one dollar as damages for a right of way over a parcel of his land. The appellants, by their instruments under seal, acknowledged the receipt of the nominal sums allowed them and released their damages for the right of way sought by the district. At the time fixed for the hearing on the assess-

ment roll, the appellants appeared in person, but filed no objections thereto, and the assessment, made payable in ten installments, was confirmed.

The appellants failed to pay the first installment of the assessment and the county collector's application for judgment and order for the sale of their delinquent lands followed. Upon the hearing of their objections to this application, the parties stipulated that the county collector had established a *prima facie* case, and that all the records and files of the proceeding for the organization of the Saratoga Drainage District should be admitted in evidence. No other evidence was offered by either party.

A reversal of the judgment is sought by the appellants upon three grounds. The first is that the notice of the hearing upon the petition for the organization of the district omitted the name of the proposed district; that by reason of this omission the notice was void and the court acquired no jurisdiction of the persons of the appellants, and that, as the consequence, the order appointing commissioners, the subsequent order approving their report and declaring the district established, and the order confirming the assessment against the lands of the appellants likewise were made without jurisdiction and were therefore void.

Section 3 of the Levee act which requires notice of the presentation and filing of the initial petition to be given by posting, by publication in a newspaper, and in case there are land owners not resident of the county or counties in which the proposed district will lie, by mailing also, provides that the "notice shall state when and in what court said petition was and is filed; the starting point, route, termini and general description of the proposed work; the boundaries and name of the proposed drainage district, and at what term of the said court the petitioners will ask a hearing of said petition." The appellant Quinn was one of the land owners who signed the petition for the organization of the district. The other appellant, Howes, was a

resident of Bradford, in Stark county, and the affidavit of the clerk of the county court of Marshall county shows that notice of the presentation of that petition and of the time and place fixed for the hearing thereon was mailed to Howes at that address. The county court found from the evi-·dence that the notice of the presentation and filing of the initial petition contained the name of the proposed district. The court had jurisdiction of the appellants as well as of the subject matter of the proceeding when it appointed commissioners and later when it approved their report and declared the district established. Under these circumstances, the contention that jurisdiction of the appellants was not obtained in the organization of the drainage district is not available upon the subsequent application by the county collector for judgment against and an order for the sale of their delinquent lands.

The next contention of the appellants is that the county court lost jurisdiction of the proceeding for the organization of the district by fixing the hearing on the report of the commissioners filed May 23, 1921, on June 13, 1921, and postponing that hearing until June 27, 1921, more than four weeks after the filing of the commissioners' report. Section 13 of the Levee act provides that upon the filing of the report "with the clerk of the court appointing such commissioners, the court shall fix a day not less than ten days nor more than four weeks from the filing thereof, for the hearing thereon." The time originally set for the hearing was within the period prescribed by the statute. The hearing is not required to be concluded at the time so fixed but it may be continued to a time beyond the four weeks' period. *Sproul* v. *Springman,* 316 Ill. 271.

The final contention is that the order confirming the assessment against the lands of the appellants is void because it failed to eliminate from the assessment the rights of way which the district acquired from the appellants. The ob-

jection was not raised in the county court and for that reason it will not be considered here. *Burroughs* v. *Donner,* 282 Ill. 299; *People* v. *Boyd,* 256 id. 9; *Sny Island Drainage District* v. *Shaw,* 252 id. 142.

The judgment of the county court is affirmed.

*Judgment affirmed.*