In re JAMES CRUZ, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, v. JAMES CRUZ, Respondent-Appellant.)

First District (3rd Division)   No. 78-1007

Opinion filed September 19, 1979.

James J. Doherty, Public Defender, of Chicago (Michael McInerney and Frances Sowa, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Iris E. Sholder, and Ira H. Raphaelson, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE RIZZI delivered the opinion of the court:

Respondent, James Cruz, was charged with deviate sexual assault (Ill. Rev. Stat. 1977, ch. 38, par. 11—3) in a petition for adjudication of

wardship filed by the State. The court adjudicated him a delinquent under the Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, par. 701—4) and committed him to the Department of Corrections. Respondent contends: (1) the court improperly found the complainant, a minor, competent to testify as a witness; (2) the evidence was insufficient to prove him a delinquent beyond a reasonable doubt; (3) an amendment to the State's petition of wardship was improperly granted; and (4) the dispositional hearing was deficient because his attorney was not present. We affirm.

The occurrence took place on April 30, 1977. At that time, the respondent was 16 years old; the victim was a 6-year-old boy. The victim testified that he went to the respondent's house about 2 p.m. After exchanging greetings, the respondent told the victim to get his ball from the backyard. As he was ready to do so, respondent grabbed and dragged him downstairs into the basement, forced him onto a bed, and committed an act of anal intercourse. The victim tried to resist by pulling respondent's hair and pinching him, but respondent covered the victim's mouth and nose tightly with his hand. Afterward, respondent gave him a toy snake and told him not to tell his mother. Respondent then took the victim outside and lifted him over a fence and into an adjacent yard. The victim promptly told his mother of the incident and the police were notified.

After interviewing the victim and his mother, a police officer accompanied them to respondent's house. The victim identified respondent at that time. In searching the house, the police officer found the toy snake. After the investigation, the victim was taken to a hospital by the police.

The examining doctor testified that the victim's face was covered with dot-like hemorrhages which could have been caused by someone grabbing his nose and mouth. Because of the extreme pain and bleeding of the victim's anal area, the doctor was required to anesthetize it before a full examination. The doctor's examination observed two lacerations so deep in the anal canal that the tissue was split to the muscle fiber. He concluded that a penis could have caused the injury.

A neighbor testified that she saw the respondent lift the victim over the fence between 2:30 and 2:45 p.m. When she saw the victim a short time later, his face was covered with "spots" and his pants were covered with blood.

In his defense, respondent denied that he did any of the things for which he was accused. He testified that he and his sisters were in the basement watching television during midday on April 30, 1977. He ironed some clothes and then went upstairs to take a bath. After bathing, he returned downstairs and was met by the police. Members of respondent's family acknowledged that he was watching television. However, they

testified that respondent sent them out of the basement after awhile so he could finish ironing and get ready for his bath. According to their testimony, they were, therefore, not with him at the time of the alleged occurrence.

Prior to closing its case, the State was given leave to amend the delinquency petition to include counts for battery, unlawful restraint and contributing to the sexual delinquency of a minor. After the hearing was concluded, the court adjudicated the respondent a delinquent and a ward of the court.

■■ ■ Respondent initially argues that the judge erred in finding the victim competent to testify. At the time of the hearing, he was only six years old, but the competency of a minor to testify is determined by his degree of intelligence rather than his age. (*People v. Brown* (1972), 52 Ill. 2d 94, 104, 105, 285 N.E.2d 1, 8; *People v. Van Broughton* (1976), 35 Ill. App. 3d 619, 625, 342 N.E.2d 100, 104.) In determining the minor's intelligence, the judge should consider whether the minor is sufficiently mature to: (1) receive correct impressions from his senses; (2) recollect these impressions; (3) understand questions and narrate answers intelligently; and (4) appreciate the moral duty to tell the truth. (*People v. Ballinger* (1967), 36 Ill. 2d 620, 622, 225 N.E.2d 10, 11-12; *People v. Goble* (1976), 41 Ill. App. 3d 491, 497, 354 N.E.2d 108, 113.) Applying these factors to the instant case, we believe the judge properly found the victim competent to testify.

Specifically, the victim testified that he attended school and lived at home with his parents and brother. He further testified as to the name of the school and the nature of his father's employment. Also, his testimony reveals that he knew what it meant to lie and that the judge could "lock him up" if he did not answer truthfully. In sum, his testimony demonstrates that the victim had sufficient intelligence to testify and the judge properly considered the factors that are to be used to determine the competency of a minor to testify.

■■ In considering the question of a minor's competency to testify, reviewing courts will not reverse a judge's determination unless there has been an abuse of discretion or manifest misapprehension of a legal principle. (*Ballinger*, 36 Ill. 2d 620, 622, 225 N.E.2d 10, 12; *Goble*, 41 Ill. App. 3d 491, 497-98, 354 N.E.2d 108, 114.) Also, the judge's ability to observe the demeanor of a minor witness is a factor considered by the reviewing courts. (*E.g., Ballinger,* 36 Ill. 2d 620, 623, 225 N.E.2d 10, 12.) Applying these principles to this case, we do not believe the judge's determination should be reversed. The witness experienced some difficulty in answering certain questions during the hearing. However, once the judge determines that a minor is competent to testify, any confusion or contradiction in later testimony only goes to his credibility as

a witness and does not affect his competency to testify. (*Goble*, 41 Ill. App. 3d 491, 498, 354 N.E.2d 108, 114.) Accordingly, the respondent's argument on this point is without merit.

■■ Respondent next contends that the evidence was insufficient to prove him a delinquent. We disagree. Under the Juvenile Court Act, the State must prove that a minor is a delinquent beyond a reasonable doubt when the adjudicatory hearing is in the nature of a criminal proceeding. (Ill. Rev. Stat. 1977, ch. 37, pars. 704—6, 701—4(a).) In a deviate sexual conduct case, therefore, the complainant's testimony must be substantially corroborated or clear and convincing. (See *People v. Hamelin* (1979), 75 Ill. App. 3d 445, 447, 394 N.E.2d 566, 568.) In the present case, the neighbor testified that she saw the respondent lifting the victim over the fence shortly after the incident occurred. The victim made a prompt complaint to his mother and then to the police. (*Cf. People v. Damen* (1963), 28 Ill. 2d 464, 470, 472-73, 193 N.E.2d 25, 29-31.) Testimony was adduced regarding blood stains on his pants. The doctor testified to the dot-like hemorrhages on the victim's face which could have been caused by respondent covering his face and mouth. Also, the doctor testified to severe lacerations in the victim's anus, which could have resulted from anal intercourse. Moreover, the toy snake which the victim said respondent gave him was recovered on the respondent's premises by the police. Under the circumstances, the complainant's testimony was substantially corroborated.

■■ Not only was the victim's testimony substantially corroborated, but respondent's witnesses testified that they were not with him when the alleged incident occurred. Thus, respondent's alibi need not have been accepted by the fact finder because there was contrary crucial evidence. (See *People v. Mays* (1971), 48 Ill. 2d 164, 170, 269 N.E.2d 281, 284; *People v. Thomas* (1970), 130 Ill. App. 2d 1107, 1109, 1110, 266 N.E.2d 721, 722, 723.) We hold, under all the circumstances, that the evidence was sufficient to prove the respondent a delinquent beyond a reasonable doubt.

■■ Respondent also argues that the trial court erred in permitting the State to amend the petition of wardship after its presentation of evidence of the three other crimes. However, we fail to see how respondent could have been prejudiced under the circumstances. The Juvenile Court Act provides that the definition of a delinquent minor includes "any minor who * * * has violated * * * any federal or state law or municipal ordinance." (Ill. Rev. Stat. 1977, ch. 37, par. 702—2.) Thus, any one of the four counts would have been sufficient to support a finding of delinquency. Since there was no dispute regarding the sufficiency of the original count, a finding of delinquency could have been based on that count alone. A single finding of delinquency is involved here, rather than

multiple convictions arising from the same conduct. Consequently, respondent was not prejudiced. See *In re Mareno* (1976), 43 Ill. App. 3d 556, 558, 357 N.E.2d 592, 594.

Respondent's final contention relates to the dispositional hearing. The hearing was commenced on September 13, 1977. The probation officer stated that the respondent had a previous delinquency petition for criminal damage to property. In addition, respondent had six station adjustments for disorderly conduct, battery, shoplifting and criminal trespass to vehicle. The probation officer recommended commitment and "intense psychotherapy" because this treatment would not be "sabotaged" by respondent's home life. However, in a written report, a Clinical Services Department psychiatrist recommended "out-patient" treatment. Because of the different recommendations, the judge continued the dispositional hearing to September 20, 1977, so that the psychiatrist could be interviewed. At some time on September 20, before the commencement of the hearing, the judge interviewed the psychiatrist in the presence of the probation officer and the state's attorney, but the attorney for respondent was not present. The psychiatrist again recommended out-patient treatment. However, he "could not give any kind of assurance that the acting out [*i.e.*, attack] would not happen again." When the hearing was commenced on September 20, the judge told the respondent's attorney what the psychiatrist had said in the interview. The judge then sentenced the respondent to the Department of Corrections.

■■ ■ Respondent argues that the dispositional hearing was deficient because his attorney was not permitted to be present at all times. Initially, we note that the record is unclear on this point, and that the appealing party has the burden of producing a complete record. A question involving any incomplete portion of a record results in every reasonable presumption being given in favor of the judgment entered by the trial court. (*Sandberg v. American Machining Co.* (1975), 31 Ill. App. 3d 449, 452, 334 N.E.2d 246, 248.) Here, the record does not reveal whether respondent's counsel did not attend the interview with the psychiatrist because of his own volition or that of the judge. In this regard, after the judge made his ruling, the respondent's attorney did not object to the interview which had taken place in his absence. Under the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 705—1), the court shall advise the parties "of the factual contents and the conclusions of the reports prepared for the use of the court and considered by it, and afford fair opportunity, *if requested, to controvert them.*" (Emphasis added.) We believe this right to controvert, if requested, applies to the statements made by the psychiatrist. But since respondent's attorney did not request an opportunity to controvert them, we believe ‵ the respondent's

contention on appeal has been waived. Moreover, although defense counsel was absent, the psychiatrist reiterated his recommendation of out-patient treatment, a recommendation most favorable to respondent. Consequently, we do not believe that respondent was prejudiced. His argument, therefore, is unavailing.

The judgment is accordingly affirmed.

Affirmed.

SIMON, P. J., and McGILLICUDDY, J., concur.