*In re* TAMMY McDONALD, a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Joyce Cohen, Respondent-Appellant).

Fourth District   No. 4—85—0713

Opinion filed June 19, 1986.

Gary M. Neville and William Q. Martin, Jr., both of Dwight, for appellant.

Donald D. Bernardi, State's Attorney, of Pontiac (Kenneth R. Boyle, Robert J. Biderman, and Monroe D. McWard, all of State's Attorneys Appellate Service Commission, of counsel), for appellee.

James A. Casson, of Law Offices of Sidney E. Smith, of Pontiac, guardian *ad litem.*

JUSTICE GREEN delivered the opinion of the court:

In this juvenile-neglect proceeding, the propriety of the dispositional order turns upon the effect to be given to one ruling made by the trial court at the dispositional hearing held pursuant to section 5—1 of the Juvenile Court Act (Ill. Rev. Stat. 1983, ch. 37, par. 705—1). Over objection of the respondent custodial mother, the trial court took judicial notice of the evidence in a prior dissolution proceeding between the minor's mother and father. The record here does not indicate that the court files in the prior case contained a transcript of that evidence or that such a transcript has ever been prepared. However, we recognize that section 5—1(1) states that "[a]ll evidence helpful in determining" the issues at such a hearing should be considered. (Ill. Rev. Stat. 1983, ch. 37, par. 705—1(1); see also *In re Calkins* (1981), 96 Ill. App. 3d 74, 420 N.E.2d 861; *In re Brooks* (1978), 63 Ill.

App. 3d 328, 379 N.E.2d 872.) As we will explain, we also recognize that other informalities, forbidden in other types of proceedings, are permissible at a disposition hearing if unfairness does not result. While the described method of taking judicial notice would have usually required reversal in other types of proceedings, it did not do so here.

The ground for the petition was that the respondent had permitted a known lesbian to live with her in the cramped trailer quarters shared by respondent and her three children and to share a bed with Tammy. Evidence indicated that the lesbian had been making homosexual advances to Tammy and that a close relationship had developed between Tammy and the lesbian. Respondent does not dispute the propriety of the adjudication. Her sole contention on appeal is that the trial court committed reversible error at the dispositional hearing when it took judicial notice of admissions by respondent that she had moved frequently from one place to another made in a prior dissolution case where the custody of Tammy was in issue. The court indicated that respondent's propensity to stay in one place for only short periods of time was one of the reasons why custody as well as guardianship was placed in the Department of Children and Family Services.

A report of the Department of Children and Family Services discussing the problems concerning the placement of Tammy was received at the dispositional hearing. The court indicated that it was concerned with previous testimony it had heard in which respondent admitted to moving frequently and that it might take judicial notice of the testimony in the prior case where respondent had admitted to making many moves. Evidence was then heard and the court stated it would take the judicial notice it had previously discussed. Respondent contended that taking judicial notice would be improper. The court then ordered that Tammy be placed in the custody of the Department.

For many years, a rather restrictive view prevailed in regard to taking judicial notice of matters involved in other cases regardless of whether the cases were before the same court or another court. Judicial notice could not even be taken of the decrees of the same court. (*People v. McKinlay* (1937), 367 Ill. 504, 11 N.E.2d 933; *People ex rel. Winkler v. Chicago & Eastern Illinois Ry. Co.* (1929), 336 Ill. 506, 168 N.E. 294.) Then, in *People v. Davis* (1976), 65 Ill. 2d 157, 357 N.E.2d 792, the supreme court upheld a judgment revoking probation where the court's ground of revocation was a prior conviction of the defendant in the same trial court and the conviction was proved by the trial court's taking judicial notice of that conviction.

The *Davis* court explained that most text writers had emphasized the reluctance of courts to expand on the traditional concept of judicial notice, but that in McCormick on Evidence, section 330, at 766 (2d ed. 1972), suggestion was made that a court can take judicial notice of its records regardless of whether the records concern the instant case or another case. The *Davis* court then stated:

> "Taking judicial notice of matters of record in other cases in the same court is simply an application of the increasingly recognized principle that matters susceptible of judicial notice include facts 'capable of immediate and accurate demonstration by resort to easily accessible sources of indisputable accuracy.' McCormick at 763 (2d ed. 1972)." *People v. Davis* (1976), 65 Ill. 2d 157, 161, 357 N.E.2d 792, 794.

At the time of the *Davis* decision, as now, the taking of judicial notice of facts " 'capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy' " was permitted by Rule 201(b) of the Federal Rules of Evidence (Fed. R. Evid. 201(b)). Our supreme court noted Rule 201(b) in the *Davis* opinion. However, at that time, that court was awaiting a report from a committee it had appointed to consider the adoption of a code of evidence for the State. Accordingly, that court deemed it inadvisable to then adopt specific Federal rules and stated its decision should stand for such precedent as might properly be attributed to it. The court then stated that "extension of the doctrine of judicial notice to include facts which, while not generally known, are readily verifiable from *sources of indisputable accuracy* is an important aid in the efficient disposition of litigation." (Emphasis added.) *People v. Davis* (1976), 65 Ill. 2d 157, 165, 357 N.E.2d 792, 796.

Since *Davis*, the question of consideration of the court record in prior court proceedings has arisen in the cases of *In re Marriage of Padiak* (1981), 101 Ill. App. 3d 306, 427 N.E.2d 1372, and *Filrep, S.A. v. Barry* (1980), 88 Ill. App. 3d 935, 410 N.E.2d 1137. In *Padiak*, the trial court had stated in a judgment in a custody-modification proceeding that background information pertinent to its ruling could be found in the files of the underlying dissolution proceedings. The appellate court held the taking of judicial notice of those files was error, although harmless, because the court had taken such notice without advising the parties and giving them an opportunity to be heard on the question. On the other hand, in *Filrep, S.A.*, the appellate court held that the trial court properly took judicial notice of admissions of fact made by the defendant there, pursuant to Supreme Court Rule 216 (103 Ill. 2d R. 216), in a prior case which were incon-

sistent with his testimony in the case then before that trial court.

Had there been a showing here of a transcript of the evidence in the previous case which was on file in that case, the trial court clearly could have taken proper judicial notice of admissions of respondent made during her testimony in the prior case as shown by that transcript. Such facts would have been "capable of immediate and accurate demonstration by resort to easily accessible sources of indisputable accuracy." Here, there was no showing of the existence of a transcript. Rather, there was, presumably, the notes of recording somewhere of a reporter and the notes and memory of the judge. Such had not become court records and were not "capable of immediate demonstration" nor were they "easily accessible sources of indisputable accuracy."

As we have indicated, the taking of judicial notice of respondent's purported prior testimony on the basis of the showing here would usually have been error. However, the proceeding where the judicial notice was taken was a dispositional hearing in a juvenile-neglect case. Not only is the scope of the evidence there broader than at other proceedings (Ill. Rev. Stat. 1983, ch. 37, par. 705—1(1)), but the trial court is permitted at such a proceeding to receive reports prepared for its use as long as respondents are advised of the contents of the reports and have an opportunity, if requested, to refute allegations in the report (Ill. Rev. Stat. 1983, ch. 37, par. 705—1(2)). Here, respondent was advised at the adjudicatory hearing that the court was likely to take judicial notice of her prior testimony. If analogy be drawn between the reports described and the transcript of respondent's prior testimony, an argument can be made that respondent cannot claim error in the trial court's noticing prior testimony of admissions by respondent when she neither attempted to check the accuracy of the court's memory or notes of the prior testimony nor sought a continuance to do so. Ill. Rev. Stat. 1983, ch. 37, par. 705—1(4).

Certainly, a better practice would have been for the trial court to have obtained a filed transcript of the evidence in the prior proceeding before taking judicial notice. However, we are reluctant to pronounce a hard-and-fast rule that such is necessary in a dispositional proceeding. We do not need to decide here whether the informal taking of judicial notice here was error because, under the circumstances, any error was harmless.

The court cross-examined the respondent at the dispositional hearing. This was an appropriate procedure at a hearing of this nature. Respondent was questioned as to the number of moves she had made

in the past decade, and respondent indicated that she had moved less than six times. The court then asked her if she recalled her testimony in the prior case where she had admitted to moving 10 times in one year. Respondent answered "[W]ell, that's because you're bringing up my past, that hasn't got anything to do with this here." The evasive, unresponsive answer of the respondent was a tacit admission by her that the matters about which the court had concern were true.

The respondent had warning of the matter of which the court was going to take judicial notice and did nothing to refute it. Rather, she tacitly admitted that she had made many moves. Thus, the matter of which the court took judicial notice merely served to corroborate the tacit admission. Under these circumstances, any prejudice to the respondent was, at most, very minor. To reverse and remand would, in any event, unnecessarily prolong the trauma of a custody dispute and serve no useful purpose.

Accordingly, because any error was harmless and a rehearing would be useless, we affirm.

Affirmed.

MORTHLAND, J., concurs.

PRESIDING JUSTICE McCULLOUGH, specially concurring:

I agree with the majority in affirming the trial court. I do not, however, believe it is necessary to address the judicial-notice question. Judicial-notice problems deal with proper evidence being submitted. The rules of evidence strictly apply at the adjudicatory stage but not at the dispositional hearing. We should be wary of putting any semblance of a straightjacket on the trial court in dispositional matters. The protections afforded the respondent mother by the Juvenile Court Act (Ill. Rev. Stat. 1985, ch. 37, par. 705—1) at the dispositional hearing were available, appropriate, and sufficient.

Section 705—1 of the Juvenile Court Act provides:

"All evidence helpful in determining these questions, including oral and written reports, may be admitted and may be relied upon to the extent of its probative value, even though not competent for the purposes of the adjudicatory hearing. ***" (Ill. Rev. Stat. 1985, ch. 37, par. 705—1.)

Section 705—1(2) provides in part:

"Before making an order of disposition the court shall advise the State's Attorney, the parents, guardian, custodian or responsible relative or their counsel of the factual contents and

the conclusions of the reports prepared for the use of the court and considered by it, and afford fair opportunity, if requested, to controvert them."

That section goes further to indicate that those documents that contain such reports need not be submitted to inspection and that the sources of confidential information need not be disclosed except to the attorneys for the parties.

Section 705—1(4) also provides that upon motion, the court may adjourn the hearing for a reasonable period to receive reports or other evidence. No request was made by the mother for a continuance to review the record referred to by the court.

Even the right to cross-examine is not absolute at the dispositional stage. The Juvenile Court Act provides "fair opportunity, if requested, *to controvert*." (Ill. Rev. Stat. 1983, ch. 38, par. 705—1(2).) In *In re Cruz* (1979), 76 Ill. App. 3d 565, 395 N.E.2d 388, the minor's attorney was not present to controvert statements made by a psychiatrist in a judge's interview at the dispositional stage. The appellate court stated:

"[S]ince respondent's attorney did not request an opportunity to controvert them, we believe the respondent's contention on appeal has been waived." 76 Ill. App. 3d 565, 570-71, 395 N.E.2d 388, 392.

The court, on August 6, 1985, indicated to counsel and everyone concerned that he might consider the evidence presented in a prior matrimonial case at a dispositional hearing held September 17, 1985. During this interim of more than 40 days, no formal or informal request was made to review the record in the matrimonial case. Nor, in fact, does it appear the respondent mother reviewed the records. As the majority points out, she tacitly admitted moving several times in one year, an additional reason for eliminating the judicial-notice issue.

I do not mean to indicate that the court can or should rely on outside sources of information. It is apparent, however, that the court advised counsel and the mother of the information that he might take into consideration at the dispositional hearing. The parties did nothing to look at the records with which the court was concerned. They were given the opportunity as provided for in the Juvenile Court Act and did not take advantage of it.

As stated in *Cruz*, she cannot complain now.