(No. 24281.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. ROBERT W. McKINLAY, Plaintiff in Error.

*Opinion filed December 17, 1937.*

BENEDICT J. SHORT, GEORGE H. GUENTHER, and WILLIAM W. SMITH, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and BLAIR L. VARNES, of counsel,) for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

On April 6, 1937, an information and petition for a rule to show cause why respondent, Robert W. McKinlay, should not be punished for contempt of court was presented to the criminal court of Cook county, charging respondent with corrupting a juror in the case of *People* v. *Zintak,* pending in the criminal court. Leave was given to file the information together with one hundred and thirty-five interrogatories and the court ordered respondent to answer each of them. Pursuant to the court's order, respondent filed a sworn answer in which he categorically denied each charge in the information and made answer to twenty-six of the interrogatories. He prayed to be excused from answering the other one hundred and nine interrogatories on the ground that his answers might incriminate him. His answer concluded with a prayer for a "ruling of this court as to whether or not in view of the premises he should be compelled to answer said interrogatories or questions and respectfully prays that he be excused from answering the same."

The cause was continued twice, the second time to allow counsel for respondent to file a written brief in support of his position, which the State's attorney was ordered to answer. Both briefs were filed, the State's attorney acting as *amicus curiæ,* and the cause came to a hearing on April 27, 1937. At that time, the trial judge, stating that he had read the briefs with care, found respondent guilty and ordered the State's attorney to prepare the formal order. In spite of the remonstrances of respondent's counsel, the court refused to hear argument and the following day respondent was sentenced to a year in jail.

The order stated that the court "having taken judicial notice of the proceedings before this court in the case of the *People of the State of Illinois* v. *Frank Zintak* * * *; and one Gustave Anderson, a juror in said cause * * * having appeared in open court before this court, and in

the presence of [three judges of the criminal court of Cook county, one of whom was the judge in the case at bar] * * * under oath testified, among other things, that Robert W. McKinlay did unlawfully procure him * * * to serve as a juror * * * and * * * to vote not guilty as to said Frank V. Zintak * * *; and this court having judicially investigated the said matter * * * it appeared to this court that Robert W. McKinlay did * * * corrupt said Gustave Anderson in his service as a juror in said cause," etc. The court further found that the "contemnor having made written answer under oath herein to the information heretofore filed herein; that the contemnor having failed, neglected, and refused to file answers to the interrogatories attached to said information and petition as heretofore ordered by the court," etc., was guilty of contempt of court and should be punished.

On May 7, 1937, respondent tendered to the court a bill of exceptions which contained a stenographic report of all proceedings had in this cause. The court, on its own motion, then ordered the insertion in the bill of exceptions of a transcript of the testimony of Gustave Anderson and others taken before three judges of the criminal court sitting *en banc* at a judicial inquiry into the conduct of the jurors in the *Zintak case.* Respondent relies upon twenty-two assignments of error which, in substance, are that he has been deprived of his liberty without due process of law and that the judgment is contrary to law and void.

Where an alleged contempt is not witnessed by the trial court, the proper procedure is to enter a rule against the offender to show cause why he should not be punished, thereby giving him the right to answer or purge himself of the contempt if he can. (*People* v. *Rongetti,* 344 Ill. 107.) At common law, apparently, interrogatories were filed in all cases of contempt (13 Corpus Juris, p. 73,) but such is not the case in Illinois today. Thus in *People* v. *Seymour,* 191 Ill. App. 381, affirmed, 272 Ill. 295, it is stated: "If

the offense charged is a common law or criminal contempt * * * the respondent may file a sworn answer to the rule, or he may insist that interrogatories be filed for him to answer under oath, and if his sworn answer in either case is sufficient to acquit him * * * he must be forthwith discharged." Where interrogatories are filed as here, however, the respondent generally must answer them, (*People* v. *Severinghaus,* 313 Ill. 456,) but he is entitled to petition the court to be excused from answering questions which are improper or misleading. That this was the practice at common law is indicated from the report of *Rex* v. *Barber,* 1 Str. 444, where the reporter states: "And now the defendant moved, that the interrogatory, as to presenting, might be struck out, because it is making him accuse himself of that which will convict him of the libel. *Et per Curam,* he is not obliged to answer it * * * therefore let that part of the interrogatory be struck out." Although the court below found in its final order that respondent had "failed, neglected, and refused" to file answers to the interrogatories, the record nowhere indicates that respondent would have refused to answer had the court denied his petition to be excused from answering those questions indicated by him. Respondent was entitled to a ruling on that question.

The order of the court shows that the judgment is based upon evidence *dehors* the record in this case. While courts take judicial notice of their records in a pending case, they cannot do so in respect to records of other proceedings, (*People* v. *Chicago and Eastern Illinois Railway Co.* 336 Ill. 506; *Donner* v. *Highway Comrs.* 278 id. 189; *People* v. *Carr,* 265 id. 220;) even where the facts are within the personal knowledge of the court. (*Streeter* v. *Streeter,* 43 Ill. 155.) In the present case, respondent was found guilty of contempt of court upon evidence heard by the court in another proceeding to which respondent was not a party and in spite of a sworn denial on his part of all the charges

contained in the present information. As said by the Supreme Court of the United States in *Cooke* v. *United States,* 267 U. S. 517: "Due process of law, therefore, in the prosecution of contempt, except that committed in open court, requires that the accused should be advised of the charges and have a reasonable opportunity to meet them by way of defense or explanation."

No occasion exists for a review of the other points raised by the contending parties, as, in any event, the judgment must be reversed, and the cause remanded.

*Reversed and remanded.*