450

Claire Borin, Appellant, v. Nathan Borin, Appellee.

Gen. No. 44,457.

Opinion filed November 1, 1948.
Released for publication November 16, 1948.

A. C. LEWIS, of Chicago, for appellant.

SIMON HERR, of Chicago, for appellee.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Plaintiff appeals from a decree granting her a divorce, entered after denial of her motion to dismiss her amended complaint, without prejudice, made after a hearing before the court.

The verified complaint, filed October 17, 1947, charging defendant with adultery after December 6, 1946, and particularly in October 1947, avers that "plaintiff filed her complaint alleging grounds for divorce in the Superior court of Cook county, Illinois, as case number 45–S 5229, and that defendant filed a countercomplaint alleging grounds for divorce in said cause, and that the cause, on the complaint and countercomplaint and amendments thereto, was tried by the jury and verdict rendered December 6, 1946, finding both parties not guilty;" and "Thereafter, on the 16th day of October, A. D. 1947, His Honor, Judge DONALD McKINLAY, the judge before whom the said cause was tried, entered a judgment on the verdict in said cause, dismissing the plaintiff's complaint and amendment thereto and defendant's crosscomplaint and amendment thereto for want of equity." Defendant's verified answer admits these allegations. A second attorney having appeared of record for plaintiff, an amended complaint was filed charging desertion by defendant since July 27, 1945. The answer admitted the allegations as to residence, marriage, birth of a child, etc., but denied the desertion. The cause was heard as an uncontested matter on January 27, 1948, the testimony of plaintiff and her brother being the only testimony produced. On Feb-

ruary 6, 1948, before the decree was entered, the attorney prosecuting this appeal was substituted as attorney for the plaintiff. He immediately presented a verified motion of plaintiff to dismiss the proceeding without prejudice, on the ground that plaintiff was induced, by the second attorney representing her, "to amend her complaint for divorce upon the representation that she would be given the exclusive possession of her little girl, and that adequate provision would be made for the support of herself and her daughter; but the decree presented by her attorney to her does not provide for such custody and does not provide for adequate support for said child or for this petitioner." This petition was denied and a decree of divorce entered finding defendant guilty of wilful desertion, as charged in the amended complaint, and, "conditioned upon the provisions hereafter described," awarding to the plaintiff "the limited care, custody and education of Bonny Joy Borin, age six years, the minor child of the parties," under provisions of the decree placing the child in a private school to be selected by the parties, or by the court if the parties fail to agree—one-half of the tuition and maintenance of the child while attending school to be deducted from the $500 per month awarded plaintiff for herself and the child. It was further provided that the child should be subject to the jurisdiction of the court, who "shall decree the further education and schooling of the said minor child from year to year and until she shall have arrived at her majority, or has arrived at an age of election and selection."

The testimony of plaintiff as to the alleged desertion is limited to the following: "Q. You charge your husband with being guilty of wilfully deserting and abandoning you since July 27, 1945? Ans. Yes, sir. I have lived separate and apart from him, without my fault, as a single lady, since that time." Her brother testified only that he knew his sister was living

separate and apart from her husband since July 27, 1945, without her fault, and that she charged her husband with deserting and abandoning her since that date. This evidence does not sustain the charge of wilful desertion under the statute. *Chatterton v. Chatterton,* 231 Ill. 449.

In response to a statement of her counsel that she was to be awarded, by agreement of the parties and the order of the court, the care, custody and education of the child, plaintiff answered, "Yes." When the court stated "I am to retain jurisdiction of the child indefinitely until she becomes of age?", plaintiff answered, "I did not understand that." Then follows a colloquy between court and counsel, without any further statement by the plaintiff. There is no testimony or statement of record as to the fitness of either of the parties to have the custody of the child, or as to defendant's property, income, etc. This was to be a divorce by agreement. Plaintiff recanted and moved to dismiss her amended complaint before the decree was presented and entered. Her sworn statement that she was induced by her attorney to file her amended complaint upon the representation that she would be given exclusive custody of her child and that adequate provision for the support of herself and the child would be made, is not denied. The decree entered shows that this promise, at least as to the custody of the child, was not fulfilled. As between the parties the complaint should have been dismissed on plaintiff's motion. Because of the interest of the State as a third party in all divorce proceedings and because matters of record in the cause show conclusively that a divorce on the ground of desertion cannot properly be granted, the complaint should have been dismissed for want of equity. As said in *Floberg v. Floberg,* 358 Ill. 626, 629:

"The State, as the sovereign, has an interest in maintaining the integrity and permanency of the marriage

relation. Parties cannot in this State contract for divorce. Neither can a divorce be properly secured by collusion of the parties. The dissolution of the marriage contract can only be granted by a court for some one or more of the causes enumerated in our divorce statute. . . . *While the point is not raised by the appellant that the full period of one year's desertion had not run at the time of the filing of the cross-bill, yet it is the duty of the court in this character of a case of its own motion to examine that question* and determine whether the complainant had deserted the appellee for the period of one full year prior to the filing of the cross-bill." (Italics ours.)

In *Ollman v. Ollman,* 396 Ill. 176, the court said (182):

"In all divorce suits the public occupies the position of a third party. It does not plead; but is represented by the conscience of the court; and so, whenever a defense comes out in the evidence, whether alleged or not, it is fatal to the proceeding. (*Johnson v. Johnson,* 381 Ill. 362.) This is true, not because the defendant has any just right to take advantage of a defense which he has not pleaded, but because *the public interest is involved, and the conscience of the court, appealed to by this interest, does not permit the divorce unless the facts represented on the whole record justify it.* If it were otherwise, divorces would be granted in cases where the evidence disclosed that no right to a divorce existed, and the public good, which suffers from every dishonest divorce and from every one not as well within the spirit of the statute as within its terms, would be sacrificed to rules of procedure." (Italics ours.)

This court, in *Mischler v. Mischler,* 333 Ill. App. 214, 218, said:

". . . it has been repeatedly held that there are three parties to a divorce action—the husband, the wife

and the State, and as held in *Johnson v. Johnson,* 381
Ill. 362, 370, 372, in the absence of a statute designating
a representative of the State in such proceedings, the
court represents the interest of the State. It is there-
fore the duty of the court, as representative of the
State, when a fact or circumstance appears in evidence
which might affect the right to a divorce, to require a
full and complete disclosure of all material matters if
the parties themselves fail to take such steps.''

It has also been held to be the duty of counsel of both
parties to bring to the attention of the court matters
within their knowledge which would prevent the grant-
ing of a divorce. *People ex rel. Healy v. Case,* 241 Ill.
279. The original complaint and answer remained a
part of the record after the filing of the amended com-
plaint. *Becker v. Billings,* 304 Ill. 190, 202; *Hogg v.*
*Eckhardt,* 343 Ill. 246, 250; *Maher v. Bull,* 39 Ill. 531;
*Ledford v. Chicago, M., St. P. & P. R. Co.,* 298 Ill. App.
298. The court takes judicial notice of its own records.
*People v. Wilson,* 356 Ill. 256. The original complaint
and the answer thereto showed affirmatively, on the
oaths of plaintiff and defendant, the pendency in the
superior court of Cook county of a suit for divorce by
plaintiff and a countercomplaint by defendant alleging
grounds for divorce which was not disposed of until
the day preceding the filing of the original complaint
in this suit. The number of the case (45–S 5229) indi-
cated that the suit had been filed in 1945—a fact known
to the judges, lawyers and court employees in the
county. In *Floberg v. Floberg,* 358 Ill. 626, the court
said (629, 630):

''The general rule is where a suit for divorce is brought
and the same is pending between the parties to the
marriage contract, the parties are not only justified in
living apart but necessarily must do so. Such living
separate and apart does not constitute willful desertion
without reasonable cause within the meaning of the

Divorce act. . . . The time so consumed by the litigation cannot be reckoned in the calculation of the statutory period of desertion.''

To the same effect are *Van Dolman v. Van Dolman*, 378 Ill. 98; *Holmstedt v. Holmstedt*, 383 Ill. 290; and *Hopkins v. Hopkins*, 399 Ill. 160. Wilful desertion for the space of one year after July 27, 1945 was legally impossible.

The decree is reversed and the amended complaint dismissed for want of equity.

*Decree reversed and amended complaint dismissed.*

FEINBERG, P. J., and TUOHY, J., concur.