George D. Palmer, Plaintiff-Appellee, v. Bernard A. Mitchell, et al., Defendants.
Bernard A. Mitchell, et al., Third-Party Plaintiffs-Appellees, v. Caisson Corporation, Third-Party Defendant-Appellant.

Gen. No. 49,346.

First District, First Division.

March 15, 1965.

Rehearing denied April 1, 1965.

Peterson, Lowry, Rall, Barber & Ross, of Chicago (A. R. Peterson, Harold W. Huff, William E. Rattner, and Thomas K. Peterson, of counsel), for third-party defendant-appellant.

Ross, Kralovec, Sweeney & Marquard, of Chicago, for third-party plaintiffs-appellees.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

George Palmer, a drilling machine operator, brought this action against Bernard A. Mitchell and others (hereinafter called Mitchell), a partnership which owned the premises on which Palmer was employed by the Caisson Corporation. Mitchell had a contract with Caisson for the construction of underground concrete caissons forming the foundations of a building which the defendants were erecting on their property. The plaintiff sought damages for personal injuries alleged to have been sustained as a result of the violation by the defendants of the Structural Work Act (Ill Rev Stats 1963, c 48, §§ 60–69). The defendants joined Caisson as a third-party defendant, but after the

matter was at issue and over Caisson's objection, the cases were severed for trial. In the principal case a jury trial was waived, and after a bench trial judgment was entered for the plaintiff in the amount of $20,000. In the third-party case, Caisson's demand for a jury trial was denied and judgment was entered against Caisson for $20,000 from which judgment Caisson brought this appeal.

The record reveals that when it filed its complaint on January 28, 1959, the plaintiff also filed its jury demand; subsequently, three amended complaints were filed, the second of which named Mitchell as defendant. Mitchell filed its third-party complaint against Caisson on October 31, 1960. On the plaintiff's motion and over Caisson's objection, the cases were severed on March 2, 1962. When the principal case was called for trial on June 13, 1963, the plaintiff moved to waive his jury demand and the motion was allowed after agreement by Mitchell. Mitchell then moved for a non-jury trial as to the third-party action and the court reserved its ruling on that motion. On the same date, Caisson filed a jury demand. The principal case then proceeded to trial and judgment.

On June 18, 1963, when the third-party action was called for trial, Caisson requested a jury trial based on its demand of June 13, 1963. The court, on the motion of Mitchell, disallowed the jury trial in reliance on section 64 of the Civil Practice Act which provides in relevant part:

> If the plaintiff files a jury demand and thereafter waives a jury, the defendant shall be granted a jury trial upon demand therefor made promptly after being advised of the waiver. . . . (Ill Rev Stats 1963, c 110, § 64.)

In denying the third-party defendant a jury trial the court said:

I hold that the third-party defendant, even though relying on the original jury demand by the plaintiff, in October 1960, when the third-party defendant was served with summons and filed its original answer, waived its right to a trial by jury, by its failure to make a demand for a jury when the issues of the third-party complaint were severed over the objections of the third-party defendant on March 2, 1962. At that point the third-party defendant lost its right to rely on the original jury demand of the plaintiff, which demand they knew could be waived by agreement of the plaintiff and defendant in the case.

At the end of the third-party plaintiff's case, the trial judge indicated, over objection by the third-party defendant, that he was taking judicial notice of the findings in the principal case. The third-party defendant offered no evidence and judgment was entered for the third-party plaintiff.

The third-party defendant, Caisson, on this appeal asks that the judgment against it be reversed and that judgment be entered in its favor or, in the alternative, that the case be remanded for a new trial. It bases its request on the following grounds: that the evidence was insufficient to establish liability upon the part of the primary defendants, and that therefore there was no basis for the judgment on the action over; that Caisson was entitled to a trial by jury upon the action over; that Caisson had the right to contest the liability of the primary defendants and was not bound by the judgment against it, and that the Court had no right to base its finding in the action over upon judicial notice of the prior findings.

The third-party plaintiff, Mitchell, contends that the evidence adduced at the action over, against Caisson, proves that Mitchell's liability to Palmer

164

under the Structural Work Act was not because of any violation of the Act by Mitchell, but because of Caisson's violation of the Act; that the trial of the action over proceeded as an independent action for common-law indemnity because of the severance of the principal and third-party actions and hence section 25 of the Civil Practice Act relating to procedure in third-party actions is inapplicable to Mitchell's controversy with Caisson; that since the indemnitor, Caisson, refused the indemnitee's (Mitchell's) tender of the defense of the suit brought by Palmer, the judgment of the trial court in favor of Palmer is conclusive against Caisson as to the existence and amount of liability of Mitchell to Palmer; that Caisson's liability to Mitchell for indemnity was established by Mitchell's evidence as a matter of law; that Caisson failed to assert its request for a jury hearing in apt time or in a proper manner; and that Caisson offered no evidence in its own defense and presented no controverted question of fact for a jury determination even if its belated request for a jury trial had been granted.

 We hold that it was error under the circumstances in this case to deny Caisson's demand for a jury trial. The statutory provision quoted above is unambiguous, that a defendant's jury demand is presented in apt time if it is made promptly after the defendant is advised of the actual waiver of a prior jury demand. A third-party defendant is not required by statute to file his demand at some time earlier than when the third-party plaintiff is required to file his demand. We believe that the third-party defendant, like a principal defendant, need not file his jury demand until he is advised of the principal plaintiff's actual waiver, nor is he bound by the principal defendant's agreement to a waiver of a jury trial with the plaintiff. The record here shows that Caisson filed its demand in apt time when it was filed on the same

day that the principal plaintiff, Palmer, with the consent of Mitchell the third-party plaintiff, waived the original jury demand.

We think that it was improvident that a severance was granted in this case. The pleadings in Mitchell's third-party complaint against Caisson created the issue that if Mitchell was liable to Palmer under the Structural Work Act, then such liability could exist only by reason of Caisson's violation of the Act and therefore Caisson had a duty to indemnify Mitchell against Palmer's claim. We think that section 25 of the Civil Practice Act was designed for just such situations. Subsection 2 of that section provides in relevant part:

> Within the time for filing his answer or thereafter by leave of the court, a defendant may by third-party complaint bring in as a defendant a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. (Ill Rev Stats 1963, c 110, § 25.)

Severance of these causes was clearly inconsistent with the policy and purpose of the section which is to avoid a multiplicity of suits. See Embree v. DeKalb Forge Co., 49 Ill App2d 85, 199 NE2d 250, which reversed the dismissal of a counterclaim brought by the plaintiff's employer against another employee on grounds of indemnity. The severance was also inconsistent with the policy of the section to permit a determination, at one trial, of the rights and liabilities of all the parties connected with the incident. See Blaszak v. Union Tank Car Co., 37 Ill App2d 12, 184 NE2d 808, which reversed the dismissal of a third-party complaint brought by lessor to recover indemnity from the lessee in connection with injuries caused to the lessee's employee by negligent maintenance of a leased railroad tank car.

166

■■■ Finally, it was error for the trial judge to take judicial notice of certain evidence which had been heard in the trial of the principal case. The doctrine of judicial notice operates to admit into evidence, without formal proof, those facts which are a matter of common and general knowledge and which are established and known within the limits of the jurisdiction of the court. Sundene v. Koppenhoefer, 343 Ill App 164, 98 NE2d 538; Sproul v. Springman, 316 Ill 271, 147 NE 131. The facts of which the trial judge took judicial notice do not meet this requirement; indeed the facts which the trial judge had heard in the trial of the principal case were not a matter of common and general knowledge, but were within his personal knowledge only. Moreover, while courts take judicial notice of their records in a pending case, they cannot do so with respect to records of other proceedings. People v. McKinlay, 367 Ill 504, 11 NE2d 933; Mazur v. Chicago Transit Authority, 7 Ill App2d 441, 129 NE2d 602.

The third-party plaintiff, Mitchell, argues principally that since it gave to its indemnitor, Caisson, notice of Palmer's claim, Caisson was required by its indemnity agreement to defend against the claim, and failing that, was bound by the determination in the principal case. From this premise Mitchell first argues that the only question presented in the action over is whether Caisson is liable to Mitchell as indemnitor and since the facts in the case are uncontradicted, as a matter of law, Mitchell is entitled to indemnity. Second, Mitchell argues that since this appeal presented no factual issue, the case could not have been sent to a jury, even if a jury demand had been made by Caisson at the allegedly proper time.

■■ ■■ We do not agree that Caisson, the indemnitor, is bound by the adjudication between Palmer and Mitchell, and that Caisson is estopped from

167

relitigating the questions of whether Mitchell is liable to Palmer or the amount of any such liability. It is the rule that an indemnitor, upon notice from the indemnitee of a pending suit against the indemnitee, is bound by his obligation to indemnify to defend and that he is bound by the judgment entered against the indemnitee just as if he (the indemnitor) were a party to the cause. Sanitary District of Chicago v. United States Fidelity & Guaranty Co., 392 Ill 602, 65 NE2d 364; Palmer House Co. v. Otto, 347 Ill App 198, 106 NE2d 753. However, we believe that this rule should not operate to bar a determination on the merits by the indemnitor where the indemnitor was not a party to the principal suit against the indemnitee, because the trial court erroneously severed the third-party suit from the principal suit. The indemnitor (Caisson) was certainly not responsible for the severance which was made over his objection. Any other holding here would have the effect of denying to Caisson the opportunity to examine and cross-examine the witnesses and the right to try the issues in accordance with its theory, simply because the cases were erroneously severed through no fault of Caisson's. We hold that the clear rights of Caisson to a trial of the issues by a jury was improperly denied. It is unfortunate that the third-party action may require a substantial retrial, but, as we have said, this result could have been avoided by denying a severance.

The judgment as to Caisson is reversed and the cause is remanded with directions to the trial court to allow Caisson's demand for a jury trial, and for such other and further proceedings which are not inconsistent with the views herein expressed.

Reversed and remanded with directions.

MURPHY and KLUCZYNSKI, JJ., concur.