In the Matter of the Estate of Hattiebelle Fornof, Deceased.
Annabelle Wimple Kitchens, et al., Appellants, v. Raymond C. Wimple, Appellee, and Bertha Waters, Intervening Appellee, and Annetta Sturgell, Nelle Johnson, Clyde Sturgell, Sr., and The Citizens' National Bank, Appellees.

Gen. No. 10,882.

Fourth District.

June 12, 1968.

Evans & Fuson, of Decatur, for appellants.

Baird & Latendresse, of Decatur (Lloyd F. Latendresse, of counsel), Armin C. Baer, of Tuscola, and Jack

E. Horsley, of Craig & Craig, of Mattoon (Richard F. Record Jr., of counsel), for appellees.

TRAPP, J.

One Clyde Sturgell and The Citizens National Bank of Decatur were appointed Coadministrators with the Will Annexed in the estate of Hattiebelle Fornof, following an amendment of the original petition which only prayed the appointment of Sturgell. The court denied a cross-petition objecting to the appointment of the said Sturgell and nominating the Bank as such administrator. Certain of the cross-petitioners appeal from such order.

Testator's will was admitted to probate on December 23, 1966. She devised and bequeathed her estate of 1,200 acres of farmland and $500,000 in personalty equally between the respective heirs, per stirpes, of her half-brothers, William Wimple and Silas Wimple. All counsel agree that the estate devolves as it would under the statute of descent.

Testator's nominee as executor filed his written refusal to qualify on November 28th. Raymond Wimple, an heir of William Wimple, filed a petition for the probate of decedent's will, nominating Sturgell as Administrator with the Will Annexed. Entries of appearance to such petition were filed by the heirs of William Wimple and by Raymond Wimple and Clarence Wimple, heirs of Silas Wimple.

Appellants, as cross-petitioners, joined in the prayer for the probate of the will, but objected to the appointment of Sturgell as Administrator with the Will Annexed, and prayed the appointment of the Milliken Trust Company or The Citizens National Bank of Decatur, as such administrator. The appearances by Raymond Wimple and Clarence Wimple to the original petition were withdrawn, and they entered their appearances to the cross-petition.

261

As grounds for the objection of the appointment of Sturgell, the cross-petitioners alleged that in view of the extent and nature of the estate, it could be best administered and the beneficiaries "be more fully protected" by the appointment of a corporate administrator. The heirs of William Wimple reside in Illinois, while the heirs of Silas Wimple are nonresidents. The nominee Sturgell is the husband of Annetta, an heir of William Wimple.

At a hearing on December 23, 1966, the will was admitted to probate. The court then heard evidence concerning the appointment of an administrator. Cross-petitioners examined Sturgell as under section 60, interrogating him as to his age, health and physical condition, his handling of his own farmland, as well as the farmland of others. Such examination developed that Sturgell had managed testator's farmland until the appointment of a conservator of her estate, The Citizens National Bank, some 18 months prior to her death. Sturgell also served as conservator of the estate of Bertha Waters, an heir of William Wimple.

Cross-petitioners also called as a witness the attorney who had drawn testator's will in 1964. The latter testified as to a conversation wherein the testator had stated that the family was scattered and that she did not want a member of the family to serve as executor. Objection to such testimony was made on the ground that the will was already admitted to probate. The court agreed, but permitted such testimony "subject to answer."

Sturgell testified that after the date of the execution of the will he had dealt with the farm tenants and collected the data for the preparation of decedent's income tax return.

Further examination disclosed that Sturgell's wife was a plaintiff in a suit for partition of the Fornof land, but that as conservator for Bertha Waters, Sturgell had not

joined in, or discussed joining as plaintiff in that proceeding.

The trial court, having ascertained that all parties had rested as to matters of evidence, the attorneys for the cross-petitioners addressed the court urging as grounds for appointing a corporate administrator the complexity of the estate, the economy of the administration in terms of bond costs and accounting services, and that the cross-petitioners wanted fair play. Counsel submitted the corporate qualifications of The Citizens National Bank and of the Milliken Trust Company to serve as such administrator, noting that the former had served well as conservator of the estate of the deceased. The court took the matter of appointment under advisement until December 30th.

Upon that date counsel again appeared and the court showed on file a telegram from the original petitioner, Raymond Wimple, dated December 28th, at Sarasota, Florida, asking to amend the original petition to include The Citizens National Bank as coadministrator. Counsel for petitioner then moved to amend instanter the petition to nominate The Citizens National Bank as an administrator. Cross-petitioners objected upon the ground that they had not consulted with their clients.

The court then asked counsel if anything further was to be offered upon either the law or the evidence. Nothing was suggested. Counsel for cross-petitioners again addressed the court urging that there would be unwarranted cost to the estate, that the pending partition suit showed hostility between the groups of heirs, and that under the amended petition one group of heirs would not be represented.

The court then stated that there was nothing in the record to disqualify Sturgell, that he had served well in other appointments, and that his appointment had been requested by one group of beneficiaries. He further stated

that he was aware that Sturgell had cooperated with and assisted The Citizens National Bank in the handling of real estate during the latter's term as conservator of decedent's estate. He then entered the orders appealed.

■ Appellants' Praecipe for Record upon this appeal called for various portions of the files in the conservatorship and the partition suit. Objection was made to the certification of such items as a part of the record in this case. They are included in such record under a certification that they are files in the office of the Clerk of the Court, but are not a part of the files in this case. None of the items so certified were offered in evidence and, in fact, no item is specifically referred to in the record. A motion to strike such matters from the record was taken with this appeal. The motion to strike is allowed.

■ While courts take judicial notice of their records in a pending case, they cannot do so in respect to records of other proceedings even where the facts are within the personal knowledge of the court. People v. McKinlay, 367 Ill 504, 11 NE2d 933; Palmer v. Mitchell, 57 Ill App2d 160, 206 NE2d 776; Cleary, Handbook of Illinois Evidence, 1st ed, § 5.5, p 65. Counsel for appellants urged that City of East St. Louis v. Touchette, 14 Ill2d 243, 150 NE2d 178, and Borin v. Borin, 335 Ill App 450, 82 NE 2d 70 control. Neither case supports the view. In Touchette the documents in issue had been admitted into evidence as exhibits in the pending suit. In Borin the authority is confined to the pending case for the matters at issue upon an amended complaint were raised in the original complaint.

■ Following the motion to amend the original petition, appellants' counsel advised the court that they had no further matter of law or evidence to present. No motion for continuance was made, but counsel did reiterate their former argument. The issue of appointing both

264

nominees as Administrator with the Will Annexed existed under the petition and cross-petition then pending. Chapter 3, § 97, Ill Rev Stats 1965. The allowing of amendments to pleadings after evidence has been closed is largely a matter in the discretion of the court. Bartman v. Bartman, 411 Ill 487, 104 NE2d 296. See chapter 110, § 46, Ill Rev Stats 1965.

Having nominated and urged the appointment of The Citizens National Bank as administrator upon the basis of fairness to all parties, and its expertise in administration of the estates, appellants now attack its fairness and competency as administrator, apparently because of the Bank's willingness to accept the appointment under the amended petition and the court's past comment of knowledge that such bank and Sturgell had cooperated effectively while the former served as conservator for the decedent. It is now argued that appellants would not have confidence in the disinterest of the Bank as administrator for these reasons. Upon the record, the position is frivolous.

The hostility between the groups of heirs urged is the creation of counsels' argument. The pending partition suit referred to is a statutory proceeding which any heir or beneficiary is legally entitled to bring. It is particularly designed to insure that all persons entitled receive his proper share and interest. Appellants contend that In re Estate of Abell, 395 Ill 337, 70 NE2d 252, and Dennis v. Dennis, 323 Ill App 328, 55 NE2d 527, set the standards upon the issue of hostility. Neither case involves an issue where the court appointed the nominee of each of the interested beneficiaries as coadministrators. In each case the record discloses actual hostility and there is evidence that the party objected to had theretofore mishandled the trust.

During oral argument this court, upon its own motion, expressed concern at the vituperative and offensive re-

marks made by appellants' counsel concerning the guardian ad litem for Bertha Waters, which appear in appellants' brief and argument. The court instructed counsel to move to strike such remarks and an order was entered accordingly. Upon further review of the briefs and arguments, it appears that counsel charged that the hearing below was conducted in an arbitrary manner and in a conspiratorial fashion. The record discloses precisely the contrary. Argument of such character and in such vein does not earn the respect and confidence of this court.

There being no evidence of abusive discretion in the court below, this order appointing coadministrators with the will annexed is affirmed.

Affirmed.

SMITH, P. J. and CRAVEN, J., concur.