STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellee, *v.* KATE GREBNER, Admr. of the Estate of Otto F. Grebner, Deceased, *et al.*, Defendants-Appellants.

(No. 70-182;

Second District—April 23, 1971.

235

Fearer & Nye, of Oregon, for appellants.

Gilbert, Powers & Graves, of Rockford, for appellee.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

Isabelle E. Leszinske, individually and as Administrator of the Estate of Lyle R. Leszinske, deceased, appeals from a declaratory judgment entered by the Circuit Court of Ogla County on May 15, 1970, to the effect that State Farm Mutual Automobile Insurance Company was not obligated under the terms of a certain insurance policy for any legal liability arising out of an accident that occurred on September 8, 1965.

The accident occurred when an automobile driven by Otto F. Grebner swerved across the center of U.S. Highway No. 51, just south of Rochelle, and collided with an automobile driven the other direction. As a result of the collision, both Grebner and Lyle Deszinske, then aged 18 years, died. On April 20, 1966, Isabelle Leszinske instituted an action against the Administrator of the Estate of Otto Grebner under the Wrongful Death Act and recovered a judgment in the amount of $10,000.00 based on a jury verdict. The administrator appealed from that judgment on the grounds that the plaintiff's only remedy was

under the Workmen's Compensation Act and that the recovery under the other statute was improper. On December 12, 1967, we reversed the judgment of the trial court in our case of *Leszinske v. Grebner,* 89 Ill. App.2d 470, 476, 478, 232 N.E.2d 496, and remanded the cause for a new trial. In our decision, we held as a matter of law that Leszinske's death "arose out of and in the course of * * *" his employment with Grebner.

In the meantime, State Farm did, on February 9, 1967, file this complaint for declaratory judgment against all concerned parties that sought a finding that it had no obligations under the liability provisions of a policy of insurance issued by it to Otto Grebner. The essence of the complaint was that the accident of September 8, 1965, was not covered under the terms of the policy by reason of the following exclusion:

"This insurance does not apply under * * * (f) coverage A, to bodily injury of any employee of the insured arising out of and in the course of the insured's employment * * *."

A hearing was held on April 30, 1970, that consisted almost entirely of arguments of the attorneys in the suit in regard to the applicability of the Workmen's Compensation Act to the accident. At the conclusion of the hearing, the court entered an order that found that the injuries and death of Leszinske "arose out of and in the course of his employment with Otto F. Grebner * * *" and that, therefore, State Farm had no obligations under the terms of the policy of insurance.

In the brief of the appellant, it is contended that the finding of the trial court was completely unsubstantiated since in fact no evidence whatsoever was taken in the case. After that brief was filed with this court, the trial court did, pursuant to the motion of State Farm, correct the report of proceedings to include the following, previously omitted, notation:

"Prior to the reported portion of the hearing Mr. Graves produced the official file maintained by the Clerk of the Circuit Court of Ogle County, Illinois, pertaining to the case of Isabelle E. Leszinske, administrator of the Estate of Lyle R. Leszinske, a minor deceased, versus John B. Nink, Public Administrator of the Estate of Otto E. Grebner, pending under General Number 66-118.

Mr. Graves requested the Court to take judicial knowledge [sic] of the official file and the contents thereof.

The court took judicial knowledge of the official file and the contents thereof."

■■■ Counsel for the appellant, who was personally present at the hearing on April 30, states that in fact no such request was made or

was the file in the other case presented to the trial judge and that, in any event, it was not properly placed into evidence and therefore cannot be used to support the order entered. Ordinarily, a court will take judicial notice of their records in a pending case but not in respect to records of other proceedings even where the facts are within their personal knowledge. (*In re Estate of Fornof*, 96 Ill.App.2d 260, 264, 238 N.E.2d 240; *People v. Frank Washington*, 81 Ill. App. 2d 90, 96.) Such records would be admissible, however, if a foundation is laid and they were otherwise properly offered into evidence. The appellee admits that his offer of the court records was improper but argues that since no objection was in fact made at the trial court it cannot be raised here for the first time. The reply, of course, is that no objection was made to the offer because they were never in fact offered.

There is no dispute, however, that a court may take judicial notice of the records and pleadings of the case before it. (*Brantley v. Delnor Hospital, Inc.*, 120 Ill.App.2d 185, 193, 256 N.E.2d 369; *Nogle v. Nogle*, 53 Ill.App.2d 457, 459.) The complaint for declaratory judgment included the following allegation:

"5. On April 20, 1966, the defendant, Isabelle E. Leszinske, filed a wrongful death action against the estate of Otto Grebner, deceased, in the Circuit Court of Ogle County, Illinois, Case # 66-118, a copy of the complaint in said cause being attached hereto as Plaintiff's Exhibit 'C' and made a part hereof by reference."

A copy of that complaint was attached and appears in the records before us and includes an allegation by the appellant that at the time of the accident Lyle Leszinske was an employee of Grebner and was a passenger in his automobile "\* \* \* in the capacity of an employee \* \* \*." In her answer, the appellant admitted the allegations of paragraph 5 of the complaint. The complaint in the earlier suit, attached as an exhibit, was a part of the pleadings in the instant case for all purposes. (*Neece v. Dohren*, 73 Ill.App.2d 433, 436.) Since the court could take judicial notice of the pleadings, it was not necessary that the appellee formally offer the complaint into evidence since the purpose of judicial notice is to dispense with the normal method of producing evidence. (*Nicketta v. National Tea Co.*, 338 Ill. App. 159, 161.) The allegations contained in that complaint amounted to admissions by the appellant in regard to the issue of employment and were, therefore, sufficient basis to support the judgment of the trial court.

That judgment will therefore be affirmed.

Judgment affirmed.

SEIDENFELD and GUILD, JJ., concur.