THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIE DAVIS, Defendant-Appellant.

(No. 61028;

First District (2nd Division)—September 30, 1975.

Paul Bradley and Brenda E. Richey, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and John T. Theis, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Willie Davis, defendant, appeals from an order of the circuit court of Cook County revoking his probation.

On July 30, 1973 defendant was convicted upon his plea of guilty to an information charging him with the crime of theft. (Ill. Rev. Stat. 1973, ch. 38, par. 16—1(a)(1)). He was placed on probation for a period of four years.

On December 10, 1973, a rule to show cause why defendant's probation should not be revoked was filed. The rule alleged that on September

26, 1973, defendant had been arrested on the charge of attempt theft. On September 27, 1973, defendant was convicted upon his plea of guilty and was sentenced to a term of 30 days in the House of Correction.

On December 27, 1973, a hearing was held on the rule to show cause why defendant's probation should not be revoked. At that time the assistant State's attorney informed the trial judge that on July 30, 1973, the defendant was placed on probation; that on September 27, 1973, the defendant appeared before the same trial judge, who had placed him on probation, and was convicted of criminal trespass to a motor vehicle; and that defendant at that time was sentenced to a term of 30 days in the House of Correction. The assistant State's attorney produced a copy of the court records of the proceedings of September 27, 1973. The trial judge examined the records and acknowledged that they were signed by him. Over defense counsel's objections, the trial judge took judicial notice of defendant's conviction on September 27, 1973. At the conclusion of the hearing, defendant's probation was revoked and he was sentenced to a term of 1 to 4 years.

■■ Defendant's only contention on appeal is that the trial court committed reversible error in revoking his probation where the State failed to produce any competent evidence of a probation violation. The State argues that the trial judge properly took judicial notice of defendant's conviction of September 27, 1973. The rule is well established that while courts should take judicial notice of their records in a pending case, they cannot do so with respect to records of other proceedings even where the facts are within the personal knowledge of the court. *People v. McKinlay*, 367 Ill. 504, 11 N.E.2d 933; *In re Estate of Fornof*, 96 Ill.App.2d 260, 238 N.E.2d 240; *Streeter v. Streeter*, 43 Ill. 155; *Palmer v. Mitchell*, 57 Ill.App.2d 160, 206 N.E.2d 776.

The State now argues that an exception to this general rule was created by the supreme court in *Walsh v. Union Oil Co.*, 53 Ill.2d 295, 291 N.E.2d 644. There, plaintiff filed suit alleging ownership of certain oil, gas and mineral interests which had been leased to the defendant by plaintiff's predecessors in title. During the pendency of the appeal, the deed under which plaintiff claimed title was held to be void by the circuit court of Wayne County. The decision by the circuit court of Wayne County holding that the deed to plaintiff was void would have the effect of totally obviating the issues on appeal. The supreme court held that it would take judicial notice of proceedings in the circuit court of Wayne County since that cause had substantially the same parties and was totally determinative of the pending case.

We believe that the State seeks to over-extend the doctrine announced

by the supreme court in *Walsh*. There, the court held that a court of review may properly take judicial notice of proceedings in one cause where the parties are substantially the same and where that cause is totally determinative of the case on review.

In the case at bar, the trial court sought to take judicial notice of defendant's subsequent conviction after being placed on probation. That subsequent conviction, while entitled to great weight at a probation revocation hearing, is not totally determinative of those proceedings. (See *People v. Ward*, 4 Ill.App.3d 631, 281 N.E.2d 703; *People v. Mosley*, 2 Ill.App.3d 375, 276 N.E.2d 455.) Accordingly, we conclude the doctrine announced by the supreme court in *Walsh* was not applicable to the case at bar, and the trial judge could not properly take judicial notice of the defendant's subsequent conviction even though that conviction was within the court's personal knowledge.

■■ On the basis of the record before us, we find that the State failed to prove by a preponderance of the evidence that the defendant had violated the terms of his probation. The State should have introduced a certified copy of the judgment under which defendant was convicted. (*People v. Haak*, 26 Ill.App.3d 1031, 325 N.E.2d 423.) Accordingly, the revocation of probation order and sentence imposed thereafter are reversed and the cause is remanded for further proceedings not inconsistent with the view expressed in this opinion. *People v. Lewis*, 28 Ill.App.3d 777, 329 N.E.2d 390.

Reversed and remanded with directions.

STAMOS and LEIGHTON, JJ., concur.