(No. 48052.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. WILLIE DAVIS, Appellee.

*Opinion filed November 15, 1976.*

158

GOLDENHERSH and KLUCZYNSKI, JJ., dissenting.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel and Jayne A. Carr, Assistant Attorneys General, of Chicago, and Laurence J. Bolon and Linda Ann Miller, Assistant State's Attorneys, and Michael W. Ward (law student), of counsel), for the People.

Paul Bradley and James Geis, Office of State Appellate Defender, of Chicago (Brenda E. Richey, Assistant Appellate Defender, of counsel), for appellee.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

Defendant, Willie Davis, pleaded guilty in the Cook County circuit court on July 30, 1973, to the theft of an automobile and was released on 4 years' probation. On December 10 a petition to revoke defendant's probation was filed alleging that on September 26 defendant was arrested for, and on September 27 was found guilty of, criminal trespass to a motor vehicle and sentenced to 30 days' imprisonment. A rule to show cause why the probation should not be terminated was issued. At the subsequent hearing on that rule the following colloquy occurred:

> "Mr. Cooley [Ass't State's Attorney]: If the Court please, the defendant, Willie Davis, has two cases up today. The cases that are up today is a preliminary hearing and the violation of probation. The case on violation of probation will be heard first.
>
> MR. BASTIANONI [Ass't Public Defender]: On the violation of probation, the defendant at this time is making a motion for a continuance on the grounds that I believe the second offense of September 27th, when the defendant was found guilty of attempted theft, I believe there was a plea and I already ordered a transcript from January 18th to see whether or not the defendant's plea of guilty was knowingly a plea of guilty and if he was properly admonished as to the effect of that plea.
>
> MR. COOLEY: The State would object. This case has been continued on Mr. Davis' motion and the Court's record will reflect that. In fact, it was heard in this court while the defendant was in fact on probation. If counsel does have a defect in the second plea, it would be proper for a motion for appeal. Your Honor, I am sure you recall that you were in fact the judge who took that plea from Mr. Davis and we qualified in making a very good record of that.
>
> THE COURT: I am going to deny the motion for a continuance.
>
> MR. COOLEY: Your Honor, the purpose of this hearing is to show cause why the defendant's probation

should not be terminated. I would ask that your Honor take judicial notice of the fact that on July 30, 1973, in the Circuit Court of Cook County, Branch 64, it was your Honor who placed the defendant, Willie Davis, on four-years probation for an offense of grand theft.

I would also ask your Honor to take judicial notice of the fact that in the Circuit Court of Cook County in Branch 64 and in the same courtroom, once again, a case was brought before your Honor alleging that on September 27, 1973, Willie Davis committed the offense of criminal trespass to a motor vehicle. The offense alleges that Mr. Willie Davis did in fact, without lawful authority from Joseph Wright, enter a motor vehicle belonging to Joseph Wright. He entered that motor vehicle knowingly on the 27th of September, 1973.

Your Honor, the defendant was brought in on that charge on that date and your Honor in fact accepted a plea of guilty from Mr. Willie Davis to that offense, specifically, Chapter 38, Section 21—2. Your Honor sentenced Mr. Willie Davis to a term not to exceed 30 days in the House of Corrections.

I have, for your Honor's inspection, a copy of the court's own records of the proceedings which occurred on October [*sic*] 27, 1973, and signed by your Honor which would indicate that on line 2, sheet 8 of the court files that on the 27th of September, 1973, there was an indication [*sic*] of Willie Davis for violation of Chapter 38, Section 21—2 did plead guilty and was found guilty and was sentenced to 30 days in the House of Correction. A copy of that official court record is signed by your Honor.

THE COURT: Yes, that is true. The sheet is signed by me, too."

The court overruled defendant's objections to the method of proving the September conviction, found defendant to have violated his probation, heard a statement detailing defendant's extensive record of arrests, convictions and sentences and ordered a presentence investigation. The common law record indicates defendant was subsequently sentenced to 1 to 4 years' imprisonment, although no transcript of those proceedings is included in the record before us.

Defendant appealed, the Appellate Court for the First Judicial District reversed, holding the trial court erred in taking judicial notice of the September conviction (32 Ill. App. 3d 760), and we allowed the State's petition for leave to appeal.

The single issue presented is the propriety of the trial court's action in taking judicial notice of the September conviction. Traditionally, courts have been cautious in expanding the scope of judicial notice. (9 Wigmore, Evidence, sec. 2583 (3d ed. 1940); McCormick, Evidence, sec. 328 (2d ed. 1972); 1 Jones, Evidence, sec. 2.2 (6th ed. 1972).) In McCormick on Evidence, section 330, at 766 (2d ed. 1972), it is said to be "settled, of course, that the courts, trial and appellate, take notice of their own respective records in the present litigation, both as to matters occurring in the immediate trial, and in previous trials or hearings. *The principle seemingly is equally applicable to matters of record in the proceedings in other cases in the same court, and some decisions have recognized this, but many courts still adhere to the needless requirement of formal proof, rather than informal presentation, of recorded proceedings in other suits in the same court.*" (Emphasis added.) Taking judicial notice of matters of record in other cases in the same court is simply an application of the increasingly recognized principle that matters susceptible of judicial notice include facts "capable of immediate and accurate demonstration by resort to easily accessible sources of indisputable accuracy." McCormick, at 763 (2d ed. 1972); see also 9 Wigmore, Evidence, sec. 2571, at 548 (3d ed. 1940); 1 Jones, Evidence, sec. 2.2, at 32 (6th ed. 1972); Rule 9(2)(d), Uniform Rules of Evidence; 4 Jones, Evidence 372 (6th ed. 1972).

The Federal Rules of Evidence, which became effective July 1, 1975, provide as to judicial notice:

"ARTICLE II. JUDICIAL NOTICE
Rule 201. Judicial Notice of Adjudicative Facts

(a) Scope of rule.—This rule governs only judicial notice of adjudicative facts.

(b) Kinds of facts.—A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

(c) When discretionary.—A court may take judicial notice, whether requested or not.

(d) When mandatory.—A court shall take judicial notice if requested by a party and supplied with the necessary information.

(e) Opportunity to be heard.—A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken.

(f) Time of taking notice.—Judicial notice may be taken at any stage of the proceeding.

(g) Instructing jury.—In a civil action or proceeding, the court shall instruct the jury to accept as conclusive any fact judicially noticed. In a criminal case, the court shall instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed." Fed. R. Evid. 201.

The limitation of judicial notice to "adjudicative facts" is explained in the Advisory Committee's note which accompanied the proposed rules as they were submitted by the Supreme Court to Congress:

"ADVISORY COMMITTEE'S NOTE

*Subdivision (a).* This is the only evidence rule on the subject of judicial notice. It deals only with judicial notice of 'adjudicative' facts. No rule deals with judicial notice of 'legislative' facts. ***

The omission of any treatment of legislative facts results from fundamental differences between adjudicative facts and legislative facts. Adjudicative facts are simply the facts of the particular case. Legislative facts, on the other hand, are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or

court or in the enactment of a legislative body. The terminology was coined by Professor Kenneth Davis in his article *An Approach to Problems of Evidence in the Administrative Process*, 55 Harv. L. Rev. 364, 404-407 (1942). The following discussion draws extensively upon his writings. In addition, see the same author's *Judicial Notice*, 55 Colum L Rev 945 (1955); Administrative Law Treatise, Ch 15 (1958); *A System of Judicial Notice Based on Fairness and Convenience*, in Perspectives of Law 69 (1964).

The usual method of establishing adjudicative facts is through the introduction of evidence, ordinarily consisting of the testimony of witnesses. If particular facts are outside the area of reasonable controversy, this process is dispensed with as unnecessary. A high degree of indisputability is the essential prerequisite.

\* \* \*

*Subdivision (b).* With respect to judicial notice of adjudicative facts, the tradition has been one of caution in requiring that the matter be beyond reasonable controversy. This tradition of circumspection appears to be soundly based, and no reason to depart from it is apparent. \*\*\*

\*\*\*

This rule is consistent with Uniform Rule 9(1) and (2) which limit judicial notice of facts to those 'so universally known that they cannot reasonably be the subject of dispute,' those 'so generally known or of such common notoriety within the territorial jurisdiction of the court that they cannot reasonably be the subject of dispute,' and those 'capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy.' The traditional textbook treatment has included these general categories (matters of common knowledge, facts capable of verification), McCormick secs. 324, 325, and then has passed on into detailed treatment of such specific topics as facts relating to the personnel and records of the court, McCormick sec. 327, and other governmental facts, McCormick sec. 328. The California draftsmen, with a background of detailed statutory regulation of judicial notice, followed a somewhat similar pattern. California Evidence Code secs. 451, 452. The Uniform Rules, however, were drafted on the theory that these particular matters are included within

the general categories and need no specific mention. This approach is followed in the present rule." Fed. R. Evid. 201, Advisory Committee Notes, 28 U.S.C.A.

Earlier cases in this court would appear to preclude a judge from taking judicial notice of the orders or decrees entered in other cases in the court in which he presides. (*People v. McKinlay* (1937), 367 Ill. 504, 507; *People ex rel. Winkler v. Chicago & Eastern Illinois Ry. Co.* (1929), 336 Ill. 506, 510; *People ex rel. Zilm v. Carr* (1914), 265 Ill. 220, 229; *Streeter v. Streeter* (1867), 43 Ill. 155, 164.) It has been repeatedly held that proof of prior convictions should be by means of certified copies of the record and identification of the defendant in the prior case as the same person. (*People v. Madison* (1974), 56 Ill. 2d 476, 488; *People v. McCrimmon* (1967), 37 Ill. 2d 40, 45.) To the extent that these and similar holdings may be thought to create an inflexible rule requiring formal proof of earlier court records only by authenticated or certified copies of those records and proof of identity, they are incompatible with considerations of judicial economy and efficiency essential to the disposition of present-day caseloads. Nor do such procedures provide any necessary or useful safeguards to the defendants in cases such as this where the fact that the prior conviction had occurred has never been denied.

Our recent opinion in *Walsh v. Union Oil Co.* (1972), 53 Ill. 2d 295, 299, has made clear that a court may take judicial notice of other proceedings in other courts, at least where those proceedings involved the same parties and are determinative of the cause *sub judice*. We also note that several of our appellate court judges have recently demonstrated a more flexible approach to this question. (*People v. Dye* (1974), 23 Ill. App. 3d 453, 455-56; *People v. Turner* (1976), 35 Ill. App. 3d 550, 566.) And illustrative of the cases in which the Federal courts, prior to the adoption of Rule 201, had judicially noticed the proceedings in other cases in the same court are *Insurance Company of North America v. National Steel Service*

*Center, Inc.* (N.D. W. Va. 1975), 391 F. Supp. 512, 518, and *Alexander v. Texas Co.* (W.D. La. 1958), 165 F. Supp. 53, 58. In our judgment, the extension of the doctrine of judicial notice to include facts which, while not generally known, are readily verifiable from sources of indisputable accuracy is an important aid in the efficient disposition of litigation, and its use, where appropriate, is to be commended.

The State urges that we adopt Federal Rule 201, or at least subdivision (b) thereof, as a rule of evidence in this State, citing the actions of the Supreme Courts of Wisconsin and New Mexico which, following submission of the proposed rules to Congress by the Supreme Court, adopted new rules patterned after Rule 201 (40L Wis. Stat. Ann., sec. 902.01, effective Jan. 1, 1974; N.M. Stat. Ann., sec. 20—4—201, effective July 1, 1973.) We prefer, however, to await the report of our Committee on Evidence, which is considering a new code of evidence for Illinois. It will suffice, for the present, to decide the case before us.

In our opinion the prior conviction of defendant in this case falls squarely within the judicially noticeable category of facts "capable of immediate and accurate demonstration by resort to easily accessible sources of indisputable accuracy." The trial judge was requested to take judicial notice of his action in the earlier case, and documents were submitted sufficient to satisfy him that there was no doubt such action had occurred. Defendant did not deny that he had pleaded guilty and been sentenced on the September charge. The necessities of the orderly and efficient administration of justice, as well as the authorities earlier referred to, dictate that the judge take judicial notice of that conviction even though not proved with the formality to be required were there a denial that the conviction had occurred or that defendant was actually the person convicted.

Accordingly, we hold the circuit court of Cook County did not err in taking judicial notice of the earlier

conviction. No other issue having been raised, its judgment is affirmed and that of the appellate court reversed.

*Appellate court reversed;*
*circuit court affirmed.*

MR. JUSTICE GOLDENHERSH, with whom MR. JUSTICE KLUCZYNSKI joins, dissenting:

Mr. Justice Kluczynski and I dissent and would affirm the judgment of the appellate court.

Section 5—6—4(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(c)) provides that in the hearing held on a petition charging violation of the conditions of probation, "[t]he State has the burden of going forward with the evidence and proving the violation by the preponderance of the evidence. The evidence shall be presented in open court with the right of confrontation, cross-examination, and representation by counsel." We have held that "The consequences of a determination that the probation order has been violated are so serious that the appellate courts have surrounded the defendant at a revocation hearing with many of the same due-process safeguards that are accorded to a defendant at a trial to determine his guilt. [Citations.] Since the results of a probation revocation may be a deprivation of liberty and, consequently, as serious as the original determination of guilt, we agree with the holdings of these cases that due process of law requires that a defendant charged with having violated his probation be entitled to a conscientious judicial determination of the charge according to accepted and well recognized procedural methods." *People v. Pier,* 51 Ill. 2d 96, 99-100; see also *People v. Beard,* 59 Ill. 2d 220, 224.

Where proof of a defendant's prior conviction has been relevant, this court has consistently required that proof of such conviction be made by an authenticated or certified copy of the record (*People v. Wheeler,* 5 Ill. 2d

474; *People v. Stewart,* 23 Ill. 2d 161), and that in addition to the identity of names appearing from the record of the earlier conviction, proof must be made of the identity of the person (*People v. Casey,* 399 Ill. 374; *People v. Stewart,* 23 Ill. 2d 161). In *Stewart,* quoting from *Casey,* the court said:

" 'We can perceive of no reason why the crucial fact of establishing the identity of the defendant with the former convictions should not be proved with the same certainty which the law requires as to the substantive offense. We are dealing with the degree of proof required to establish a fact which, if proved, inflicts a penalty of additional years upon a defendant. It would be contrary to the law of what is right and just in a criminal action to hold that the enhanced penalty could be inflicted in the face of an uncertainty as to whether defendant was the same person as the one described in the records offered to prove the former conviction. *** It will be observed that the statute gives the authenticated copy of the record of conviction *prima facie* effect as evidence, but there is the further question as to the defendant being identified as the person previously convicted. Undoubtedly in civil cases the rule is that identity of names raises a presumption that the person named and the one referred to in the previous record is one and the same person. (*Clifford v. Pioneer Fire-Proofing Co.,* 232 Ill. 150; *Filkins v. O'Sullivan,* 79 Ill. 524.) In the trial of a criminal case, the record of a prior conviction of an infamous crime may be introduced for impeachment purposes. In such case proof of such conviction need not be made beyond a reasonable doubt and the presumption arising from the identity of names will be sufficient. (*People v. Buford,* 396 Ill. 158; *People*

*v. Lawson,* 331 Ill. 380.) In a prosecution under the Habitual Criminal Act, the defendant is clothed with the presumption of innocence and, as has been pointed out, this applies to the fact of his former conviction which, if proved, enhances the penalty. The mere proof of a record containing identity of name with that of the defendant on trial is not sufficient to overcome the presumption of innocence where the enhancement of the penalty depends upon the proof of such fact.' 399 Ill. at 378-380." 23 Ill. 2d 161, 163-64.

The majority, citing from numerous sources, none of which supports its conclusion, holds that these time-honored procedures do not "provide any necessary or useful safeguards to the defendants in cases such as this where the fact that the prior conviction had occurred has never been denied." (65 Ill. 2d at 164.) The fact of no denial is completely irrelevant; this was not a proceeding where issues were framed by allegations and denials, here "the State has the burden of going forward with the evidence and proving the violation by the preponderance of the evidence" (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(c)). The majority seems to find the requirement that proof of prior convictions be made by record and proof of identity "incompatible with considerations of judicial economy and efficiency essential to the disposition of present-day caseloads." (65 Ill. 2d at 164.) I am wholly in agreement that litigation should be handled with dispatch, but a defendant incarcerated as the result of a judgment entered in haste and without requirement of proper proof will find little solace in the knowledge that his case was expeditiously processed.

As a practical matter it would have taken several minutes to make proper proof of the prior conviction. The "record" of which the trial court took "judicial notice" is not contained in the record on appeal, but the colloquy

between court and counsel (65 Ill. 2d at 160) suggests that the entry relied upon is "line 2, sheet 8." In quoting this colloquy the majority found it necessary to twice insert "[*sic*]", which is indicative of the reliability which may be attributed to the "adjudicative facts" which the majority holds may be judicially noticed.