THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MARVIN TUCKER, Defendant-Appellant.

Third District   Nos. 76-437, 76-442 cons.

Opinion filed December 29, 1976.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward P. Drolet, State's Attorney, of Kankakee (James E. Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Marvin Tucker had entered a plea of guilty on September 11, 1975, to charges of attempted burglary and burglary. Such pleas were entered as a result of negotiations between defendant and the prosecutor. Another count of an indictment pending at such time, for armed robbery, was nolle-prossed by the State in accordance with such negotiations. Defendant was thereafter sentenced to a term of 5 years probation on each charge, which were to run concurrently.

Defendant's probation was revoked following a hearing on June 4, 1976, and defendant was sentenced to concurrent terms of imprisonment of from 1 to 3 years on the attempt charge and from 2 to 6 years on the burglary charge. The conviction and sentence on a robbery charge is not part of the instant appeal, other than as forming the basis for revocation of probation.

On appeal in this court, defendant raises only one issue. He contends it

was reversible error for the court to revoke the defendant's probation when the State failed to produce what is described by the defendant as essential competent evidence of a probation violation. The issue is more specifically stated, as a contention that the trial court erred by taking judicial notice of defendant's conviction for robbery, in reaching a determination that defendant had violated his probation. The contentions of defendant were based principally on *People v. Davis* (1st Dist. 1975), 32 Ill. App. 3d 760, 336 N.E.2d 151, in which case the appellate court stated that the trial court could not take judicial notice of defendant's subsequent conviction in a probation revocation proceeding.

■■ After the brief of appellant had been filed in this case, the Illinois Supreme Court, in an appeal of the *Davis* case, reversed that case, by an opinion filed on November 15, 1976 (65 Ill. 2d 157). In the *Davis* case, in the supreme court of this State, the court stated that the prior conviction of defendant "falls squarely within the judicially noticeable category of facts 'capable of immediate and accurate demonstration by resort to easily accessible sources of indisputable accuracy'." (65 Ill. 2d 157, 165.) The supreme court pointed out that the trial judge was requested to take judicial notice of the result in another case in the same court. Defendant in that case, as in the instant case, did not deny that he had pleaded guilty and had been sentenced on the charge. The supreme court concluded that the necessities of orderly and efficient administration of justice, as well as in accordance with certain authorities cited by the supreme court, "dictate that the judge take judicial notice of that conviction, even though not proved with formality" to be required where there is a denial that the conviction had occurred or that defendant was actually the person convicted.

The supreme court pointed out that earlier cases in the Illinois courts appeared to preclude a judge from taking judicial notice of orders or decrees entered in other cases than the court in which he presides. The court pointed out that proof of prior convictions had been required to be made by means of certified copies of the record and identification of defendant in the prior cases as the same person involved in the current case. The supreme court departed from such rule and concluded that such procedures did not provide any necessary or useful safeguards to the defendants in a case such as was then under consideration, and, as is true in the instant case, where the important element is to prove that the prior conviction actually has occurred.

■■ It is clear, therefore, that the trial court in the instant case properly took judicial notice of the convictions of defendant. For the reasons stated, therefore, the judgments of the Circuit Court of Kankakee County are affirmed.

Judgments affirmed.

STENGEL and SCOTT, JJ., concur.